TEXAS & PACIFIC RAILWAY COMPANY v. M. E. HUBER ET AL.

Decided June 13, 1903.

**1.—Removal of Cause—Joint Defendants—Action Not Separable.**

An action for personal injury against the Texas & Pacific Railway Company and one of its engineers is not removable to the Federal court upon the joint petition of both defendants alleging that the suit is one arising under the laws of the United States in that the defendant railway company was incorporated by an act of Congress, under which it was being operated, where there is no separable controversy between plaintiffs and the railway company, and no evidence that the other defendant was made a party solely to defeat the removal.

**2.—Assignment of Error.**

Where an assignment of error embraces separate and distinct propositions, but not submitted as propositions, nor followed by any statement, it will not be considered.

**3.—Contributory Negligence—Facts Requiring Charge—Failure to Look.**

Where, in an action for the death of a person struck by an engine while crossing the railroad track, there was evidence that at the time the deceased started to cross the track he could have seen the engine, there being nothing to obstruct his view, and the defendant had pleaded contributory negligence, it was entitled to have the jury told that the deceased was bound to use such precaution to learn of the approaching trains before attempting to cross the track as men of ordinary prudence would under like circumstances, and that a failure to use such care was contributory negligence.

Appeal from the District Court of Dallas. Tried below before Hon. T. F. Nash.

*T. J. Freeman* and *Hall, Flippen & McCormick,* for appellant.

*M. M. Parks* and *W. T. Strange,* for appellees.

RAINEY, CHIEF JUSTICE.—In February, 1902, a switch engine, while being operated by appellant's servants along Pacific Avenue, a public thoroughfare in the city of Dallas, ran over and killed Lawrence Huber. His surviving wife, M. E. Huber, for herself and as next friend for Georgia Huber, minor, daughter of deceased and said M. E. Huber, brought this suit against appellant and R. J. Oliphant, the engineer who was operating the engine at the time, to recover damages occasioned to them by reason of said killing which, it was alleged, was caused by the negligence of said Oliphant in operating said engine as an employe of appellant. The defendants in due time filed their petition for removal to the United States Circuit Court for the Northern District, at Dallas, the ground alleged being, in effect, that this is a suit arising under the laws of the United States, in that the appellant Texas & Pacific Railway Company was incorporated by acts of the Congress of the United States, under which it was being operated. This petition was denied, to which ruling exceptions were duly taken. Defendants then answered by general demurrer, general denial, and plea

of contributory negligence. Judgment was rendered in favor of plaintiffs against the railway company only, which prosecutes this appeal.

The appellant contends that the court erred in assuming jurisdiction and trying the cause after the petition and bond for removal were presented. The effect of filing a proper petition for removal with bond in a suit that is removable, pending in a State district court, is to deprive the said court of jurisdiction and confer jurisdiction upon the Federal court. Such being the effect, did the filing of the petition for removal in this case deprive the District Court of Dallas County of jurisdiction to try the same? The defendant Oliphant is alleged to be a resident of Texas. Plaintiffs' action is one of tort brought jointly against said Oliphant and the railway company. It contains no separate controversy which would authorize a removal by one of the defendants alone. Powers v. Chesapeake, etc., Ry. Co., 169 U. S., 92. The petition for removal was made by both defendants, but no Federal question is stated therein that affects said Oliphant. The only Federal question stated therein relates only to the railway company. It not being shown that Oliphant was made a party solely to defeat a removal to the Federal court, the petition fails to allege sufficient grounds for removal, unless the mere fact that Oliphant joined the railway company in the petition for removal is sufficient. We have been unable to find an authority in point on this question. It seems to be well settled that to bring the case within the removal act on the ground of diverse citizenship, and there is no separable controversy, all the plaintiffs must be citizens of the State in which suit is brought, and "all of the defendants must be citizens of some other State or States," and further, that all the defendants must join in asking for the removal. Dillon, Rem. Causes, sec. 16, p. 18, and cases there cited.

In Railway Co. v. Martin, 178 U. S., 245, 20 Sup. Ct. Rep., 854, where the removal was sought by a part of the defendants, it being alleged that the controversy arises under the Constitution and laws of the United States, the court in effect holds that the same rule of procedure obtains where the removal is sought either on the ground of a Federal question being raised, or of diverse citizenship. The court also held that all the defendants must join in the application, but the facts show that all the defendants were entitled to removal had they joined in the application, but some of them did not do so. To the same effect is Miller v. Bank, 116 Fed. Rep., 551. In Mayor v. Independent Steamboat Co., 21 Fed. Rep., 593, all the defendants did not have grounds for removal, and only one of them made application on the ground that "the controversy arises under the Constitution and laws of the United States." The suit was removed to the Federal court, but was remanded, the court holding that "the suit can only be removed on the petition of all the defendants, unless there is also a separable controversy as between the plaintiff and the removing defendant." That case negatively seems to support appellant's position. But the question here raised was not passed upon there. Had it been, we can only conjecture

the holding. The proper construction of the foregoing decisions on this question, in our opinion, is that the courts only intend to hold that in suits involving no separable controversy, there being more than one defendant, each defendant should have a cause for removal, and each should join in the application for removal, otherwise in this case the question of removal would be absolutely controlled by the pleasure of defendant Oliphant, as to whom no legal ground for removal exists. We can not believe that the law confers such a privilege upon a defendant in his condition, and therefore hold that the court did not err in retaining jurisdiction to try the case.

Appellant's third assignment of error complains of the action of the court in refusng to submit three special instructions, numbers 2, 3 and 5, requested by it. These embrace separate and distinct propositions, but are not submitted as propositions, and there is no proposition presented under said assignment, nor is there any statement made thereunder or reference to any other in the brief. The assignment, therefore, is not presented in accordance with the rules and will not be considered by this court.

The fifth assignment of error complains of the refusal to submit the following requested instruction, viz: "From the fact that there was an injury no presumption arises as to the guilt or innocence of either, but the deceased, before attempting to cross the track, to fulfill the burden of care resting upon him was bound to take such precaution to learn of the approach of trains as men of ordinary prudence would take under like circumstances of danger. If you believe from the evidence that in consequence of the want of care on the part of the deceased he was guilty of such negligence as proximately contributed to his death, the plaintiffs can not recover, and you will find for the defendants." While it is true that no presumption of negligence arises from the mere fact that there was an accident, and while the charges announces a correct rule of law, the wording as to a presumption is not entirely free from criticism. However, in view of the evidence, as the charge asked properly applied the law to the facts, and the court's charge not being sufficiently full on this issue, it was error to refuse said special charge.

The evidence shows that deceased was walking along the sidewalk going west. The engine which killed him was traveling east. When he turned to cross the track he was in a position to see the approaching engine, there being nothing to obstruct his view. Under these facts, the defendant having pleaded contributory negligence, it was entitled to have the jury told that the deceased was bound to use such precaution to learn of the approach of trains before attempting to cross the track as men of ordinary prudence would use under like circumstances, and if he failed to use such care, he was guilty of contributory negligence. Railway Co. v. Graves, 59 Texas, 330.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*