MAYOR, etc., *v.* INDEPENDENT STEAM-BOAT Co. and others.

*(Circuit Court, S. D. New York.* October 1, 1884.)

1. REMOVAL OF CAUSE—SEPARABLE CONTROVERSY—CITIZENSHIP.

The mayor and city council of New York filed a bill in the state court against the Independent Steam-boat Company, a New Jersey corporation, another New Jersey corporation, a New York corporation, and a citizen of New York, alleging a combination to establish and operate a ferry in violation of the rights of the city, and that defendants were operating such ferry, and asked for an injunction and accounting. The Independent Steam-boat Company removed the case from the state court. *Held*, that the second subdivision of section 639 of the United States Revised Statutes, having been repealed by the act of March 3, 1875, the only authority for a removal by one of several parties defendant is that provision of the act of March 3, 1875, which permits it when the controversy is wholly between citizens of different states, and can be fully determined as to them; that this was not such a case, and was not removable.

2. SAME—FEDERAL QUESTION—PETITION BY ONE CO-DEFENDANT.

Where there is no separable controversy, as between the plaintiff and removing defendant, and the petition alleges, among other things, that the controversy arises under the constitution and laws of the United States, the suit can only be removed on the petition of all of the defendants, under the first clause of the second section of the act of March 3, 1875.

Motion to Remand.

*E. Henry Lacombe*, for the motion.

*Work & McNamee* and *Roscoe Conkling*, opposed.

WALLACE, J. This suit was removed from the state court upon the petition of one of the defendants, the Independent Steam-boat Company, a New Jersey corporation. The bill of complaint alleges a combination between that corporation, another New Jersey corporation, a New York corporation, and one Starin, a citizen of New York, to establish and operate a ferry in violation of the rights of the plaintiff, and that defendants are now operating such ferry. The prayer for relief is for an injunction and an accounting.

Under the second subdivision of section 639 of the United States Revised Statutes such a suit might have been removed upon the petition of a single defendant, between whom and the plaintiff the requisite diversity of citizenship existed. But, as is held in *Hyde* v. *Ruble*, 104 U. S. 407, and *King* v. *Cornell*, 106 U. S. 395, S. C. 1 Sup. Ct. Rep. 312, that subdivision of the section was repealed by the act of March 3, 1875. The only authority, therefore, for a removal by one of several parties defendant is that provision of the act of March 3, 1875, which permits it when the controversy is wholly between citizens of different states, and can be fully determined as between them. The controversy here is not of such a character. It is not a separable controversy within the decisions of this court. *Boyd* v. *Gill*, 19 FED. REP. 145.

The petition alleges, among other things, that the controversy arises under the constitution and laws of the United States. If this is so, the suit can only be removed on the petition of all of the defendants,

unless there is also a separable controversy as between the plaintiff and the removing defendant. All the substantial parties upon one side of the controversy must unite in order to remove the suit under the first clause of the second section of the act of March 3, 1875. *Meyer* v. *Construction Co.* 100 U. S. 457. Unless all desire and join in the removal it cannot be effected. Here the defendant Starin and the New York corporation are as substantial parties defendant as is the New Jersey corporation.

The motion to remand is granted.