## HERMAN *v.* McKINNEY *et al.*

*(Circuit Court, D. South Dakota, E. D.* November 8, 1890.)

COURTS—ADMISSION OF STATES—TRANSFER OF CAUSES.

The right to remove to the federal courts causes pending in the territorial courts of Dakota when the two states were admitted to the Union depends not upon Act Cong. Aug. 13, 1888, upon removal of causes in general, but upon the enabling act of Feb. 22, 1889, § 23, which provides that cases which would have been of federal jurisdiction when brought if such courts had existed shall be removed upon the request of either party, and hence a motion to remand cannot be sustained upon the ground that the removal was made at the demand of a defendant residing in the state.

In Equity.  Motion to remand.
*McMartin & Carland,* for complainant.
*Kieth & Bates* and *Winsor & Kittredge,* for defendants.

SHIRAS, J.  The complaint in this cause was filed November 2, 1888, in the district court of Minnehaha county, Dakota territory, the complainant then being a citizen of the state of New York, the defendant McKinney being a citizen of Dakota territory, and the defendant corporation being then a national bank, created under the statutes of the United States, and having its principal place of business at Sioux Falls, in the then territory of Dakota.  The citizenship and residence of the several parties has remained unchanged, except as that of the defendants has been affected by the admission of South Dakota as one of the states of the federal Union, under the provisions of the act of congress approved February 22, 1889, and commonly referred to as the "Omnibus Bill." Under the constitution and laws of the state of South Dakota, the court of original trial jurisdiction is known as the "circuit court."  Upon the admission of the state, the record and files in this cause passed into the custody of the state circuit court, and on the 10th day of May, 1890, the defendants filed a written request in that court for the transfer of the cause to this court, which request was granted, and the papers and record have been in due form transferred to and docketed in this court.

Complainant now moves for an order remanding the case to the state court, on the ground that this court has not jurisdiction thereof; that the defendants, on whose request it was brought into this court, were, when the suit was brought, residents of the then territory of Dakota, and, when the removal was requested, residents of the state of South Dakota; and that a removal from a state court to this court cannot be had upon petition of a resident of this state.  The right of removal in this cause is not dependent upon the act of congress of August 13, 1888, amending the act of March 3, 1887.  It depends upon the provisions of the act under which South Dakota was admitted to the Union, and which, in terms, made provision for the disposition of causes pending in the courts of the territory.  By the twenty-third section of that act it is, in substance, declared that cases which would have been of federal jurisdiction when brought, if South Dakota had then been a state with a federal court

organized therein, are, at the request of either party, transferable to the federal court. This statute not only does not limit the right of transfer to the non-resident defendant, as is the fact in many of the clauses of the removal act of 1888, but it expressly confers it upon all the parties, regardless of their position on the record as plaintiffs or defendants, and without limitation as to their residence. In this particular the statute is too clear to need construction to show its meaning. In substance, the federal court is made the successor of cases of federal jurisdiction,—that question being viewed in the light of the facts existing when the suit was brought; and, if the case is one of federal jurisdiction, then either of the parties may cause it to be transferred to the federal court. It is not strictly a question of removal from a state court, but the determination of the question whether, under the omnibus bill, the case is one of successorship in the federal court. When the suit was brought, it involved over $2,000. The parties were residents and citizens of different states, viewing, as the act requires us to do, the territory of Dakota as being then a state; in other words, if, when this suit was brought, there had then been in existence a federal court for South Dakota, it would have had jurisdiction of this cause. This being so, then under the omnibus act, either party could cause it to be transferred into the federal court. This view is in accordance with the construction placed upon this section of the omnibus bill in the written opinion delivered by Judge EDGERTON upon a similar motion to remand, filed in the case of *Dorne* v. *Mining Co.*, *infra*, to which reference may be made for a more full discussion of the question. Motion to remand overruled.

EDGERTON, J., concurring.