## LUND v. CHICAGO, R. I. & P. RY. CO. et al.

### (Circuit Court, D. Nebraska. January 23, 1897.)

**1. REMOVAL OF CAUSES—JURISDICTION OF FEDERAL COURT.**

The jurisdiction of the circuit court, in a case removed from a state court, does not depend on the regularity of the order for removal, nor on the making of such an order, but only on the removability of the cause, and the compliance with the statute in respect to removal.

**2. SAME—FEDERAL QUESTION—FEDERAL CORPORATIONS AND RECEIVERS.**

A suit against a corporation of the plaintiff's state, jointly with the Union Pac. Ry. Co., a corporation chartered by congress, and its receivers appointed by a federal court, such suit being also brought against the receivers, without leave, by virtue of the federal statute, is a suit arising under the laws of the United States, and, if brought in a state court, may be removed to a federal court.

L. D. Holmes, for plaintiff.

W. R. Kelly and E. P. Smith, for defendants Union Pac. Ry. Co. and receivers.

McHUGH, District Judge. This is a motion to remand. The suit was begun in the district court of Douglas county, Neb. It is an action for damages for personal injuries, sustained, as alleged, through the negligence of the defendants. The petition alleges that the defendants were in the joint possession of a certain line of railway reaching from Council Bluffs, Iowa, to a point west of South Omaha, Neb.; that the defendants jointly operated certain passenger trains over said railway; and that plaintiff sustained injuries because of negligence on the part of the defendants in the operation of one of the trains aforesaid. The petition prays judgment against the defendants for the sum of $25,000 and costs of suit. The defendants Union Pacific Railway Company and S. H. H. Clark, E. Ellery Anderson, Oliver W. Mink, John W. Doane, and Frederic R. Coudert, receivers of said company, filed in due time a petition, together with a bond, for the removal of the cause to this court. This petition and bond came before Hon. W. W. Keysor, one of the judges of the district court aforesaid, at chambers. The bond was by him approved, and the cause ordered removed to this court. A transcript of the proceedings in the state court was duly filed in this court. The plaintiff has filed a motion to remand the cause to the state court.

His first point is that the judge of the state court had no power to enter, at chambers, in vacation, the order removing the cause to this court, and that the removal is therefore illegal. There is nothing in this point. The jurisdiction of this court does not depend upon the order of removal entered in the state court. It is not necessary that such an order be entered. The supreme court of the United States has said (Kern v. Huidekoper, 103 U. S. 485):

"If the cause is removable, and the statute for its removal has been complied with, no order of the state court for its removal is necessary to confer jurisdiction on a court of the United States."

Inasmuch as the removal statute was complied with in this case by the defendants petitioning for removal, if this cause is remova-

78 F.—25

ble, the jurisdiction of this court is complete without reference to the regularity of the order of removal entered in the state court.

It is further urged in support of the motion to remand that this action is against all the defendants jointly; that one of the defendants, the Chicago, Rock Island & Pacific Railway Company, Consolidated, is a corporation organized under the laws of the state of Nebraska; that the action is not separable; and, inasmuch as one of the defendants is a Nebraska corporation, the action is not removable. The Union Pacific Railway Company is a corporation deriving its corporate powers from acts of congress. It has been decided that, since every suit against this federal corporation necessarily involved the exercise of the corporate power it received in a federal law, therefore all suits against the company were suits arising under the laws of the United States; and hence that suits against the corporation could be removed to the federal courts. Pacific Railroad Removal Cases, 115 U. S. 1, 5 Sup. Ct. 1113. The receivers of the Union Pacific Railway Company were appointed by this court. All the powers of the receivers in the possession, control, and operation of this road and properties were derived from this court. The court acted by virtue of the judicial power possessed and exercised under the constitution and laws of the United States. Therefore all the power possessed and exercised by these receivers in respect to this railroad property was by virtue of federal law. Every suit against these receivers, therefore, as it necessarily involves the exercise of these powers, is a suit arising under the laws of the United States, and is removable to the federal court. Railroad Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905.

Moreover, the right to maintain this action against the receivers grows out of a federal law. A receiver having been appointed by a court, that court had exclusive jurisdiction over him, and no suit at law could be prosecuted against him without leave of the court. But our federal statute permits such suits to be brought against these receivers without leave of court. Hence this suit was begun and is being maintained against these receivers by virtue of a federal statute. It is plain from these considerations that this suit, as it affects the Union Pacific Railway Company and the receivers, is an action arising under the laws of the United States.

It is urged, however, that, conceding the correctness of what has been said, this cause is not removable, because the defendant Chicago, Rock Island & Pacific Railway Company, Consolidated, is a Nebraska corporation; that as to it no federal law is involved; that, since this last-named company could not, if sued alone, remove the cause to this court, this cause, being against all the defendants jointly, cannot be so removed. I do not think this position well taken. The fact that the action is against the defendants jointly, under the circumstances of this case, makes it removable. In this suit it is sought to hold the defendants jointly liable. We have already seen that all suits against the Union Pacific Railway Company and the receivers are suits which, of necessity, arise under federal law. No suit can be brought against them which does

not involve the power under which they act, which is, as we have seen, the laws of the United States. So every action against them jointly with another must be a suit arising under federal law. No joint recovery can be had, no joint suit can be prosecuted, which does not reach all the defendants. To reach the Union Pacific Railway Company and the receivers in this case it is necessary to involve the laws whence they derive their power. Since this suit against the receivers and the Union Pacific Railway Company necessarily involves the federal law, it is clear that this case arises under federal law. A suit against the Rock Island Company could be maintained without reference to the federal laws. But when it is sought to hold jointly with this company the Union Pacific Company and its receivers, then a new character is given the action, a new element is introduced, to wit, the laws of the United States. Therefore, as it is necessary, in order to maintain this action against the defendants jointly, to invoke federal law, the case is one arising under the laws of the United States, and hence was removable under the statute.

In the case of Landers v. Felton, 73 Fed. 311, it is said:

"The question here arises whether an action brought against the receiver of a United States court and others, who are citizens of the same state as that of the plaintiff, to establish a joint liability of all the defendants, is a suit arising under the laws and constitution of the United States. I do not see how it can be otherwise. No separate liability could be asserted against the receiver, as receiver, except under the laws of the United States. If no separate liability could be asserted against him, except by virtue of those laws, certainly no joint liability with another can be asserted against him, except by virtue of the same laws. Therefore the joint liability of the defendants with the receiver arises under the laws and constitution of the United States. If the plaintiff wished to sue the other defendants without joining the receiver, he had his election to do so, because the liability of joint tort feasors is also several. He might, therefore, have maintained his action against the resident defendants in a state court, without any possibility of a removal to a federal court. He elected, however, to join the resident defendants with a person against whom he could establish no liability, in the capacity in which he sues him, except by virtue of the laws of the United States. Therefore the joint cause of action which he asserts against all the defendants must find its sanction in the federal statutes. Hence the cause of action is removable."

The motion to remand is overruled.