## SCOTT v. CHOCTAW, O. & G. R. CO. et al.

(District Court, W. D. Arkansas, Ft. Smith Division. December 19, 1901.)

1. REMOVAL OF CAUSES—FEDERAL QUESTION—ALLEGATIONS IN PLEADINGS.

It is not essential, to give a defendant the right of removal on the ground that it is a corporation organized under an act of congress, that such fact should appear from the complaint, but it may be shown by the petition for removal; especially where the complaint fails to allege whether the defendant is a federal or a state corporation.

2. SAME—DIVERSITY OF CITIZENSHIP—FEDERAL CORPORATION.

A defendant corporation, organized under a law of the United States, cannot remove the cause on the ground that it is a suit between citizens of different states.[1]

3. SAME—FEDERAL QUESTION—SEPARABLE CONTROVERSY.

Where it is sought to remove a suit on the ground that it arises under the constitution or laws of the United States, all the defendants, if more than one, must join in the petition; one of two defendants cannot

---

remove on the ground that it is a federal corporation, and that there is a separable controversy.[2]

At Law. On motion to remand to state court.

Mechem & Bryant, for plaintiff.

J. W. McLoud and E. B. Pierce, for defendant Choctaw, O. & G. R. Co.

ROGERS, District Judge. This is a joint action, brought in the Logan county circuit court, Southern district, against the above-named defendants. The Choctaw, Oklahoma & Gulf Railroad Company is a corporation organized under the laws of congress. The Choctaw, Oklahoma & Memphis Railroad Company is a corporation organized under the laws of the state of Arkansas. The Choctaw, Oklahoma & Gulf Railroad Company, in apt time and in due form, filed its petition for the removal of the case into the circuit court of the United States for the Ft. Smith division of the Western district of Arkansas, and filed the bond required by law, and an order of removal was made by the state circuit court. The Choctaw, Oklahoma & Memphis Railroad Company did not join in the proceedings for removal. The removal was sought upon the ground that there was a separable controversy between the plaintiff and the Choctaw, Oklahoma & Gulf Railroad Company, which alone filed its petition for removal, and that the suit arose under the laws of the United States, because said last-named corporation was organized under and by virtue of the provisions of an act of congress of the United States. The plaintiff appeared in this court, and moved to remand for want of jurisdiction. Two questions were raised and discussed at the hearing. Plaintiff insisted that, upon the authority of Railroad Co. v. Skottowe, 162 U. S. 490, 16 Sup. Ct. 869, 40 L. Ed. 1048, approved in Walker v. Collins, 167 U. S. 57, 17 Sup. Ct. 738, 42 L. Ed. 76; Galveston, H. & S. A. Ry. Co. v. Texas, 170 U. S. 226, 18 Sup. Ct. 603, 42 L. Ed. 1017, and Houston & T. C. R. Co. v. Texas, 177 U. S. 66, 20 Sup. Ct. 545, 44 L. Ed. 672, the case was not removable, because no federal question, nor the federal character of the railroad company, appeared from the complaint in the action, and that it was necessary for one of these two things to appear, in order to confer jurisdiction on this court. This proposition was combated by the defendant, upon the authority of Railway Co. v. Cody, 166 U. S. 606, 17 Sup. Ct. 703, 41 L. Ed. 1132. In the Cody Case, supra, the plaintiff alleged the Texas & Pacific Railway Company to be "a private corporation, created and existing under the laws of the state of Texas," and that "defendant owns and operates a line of railway extending into and running through" Tarrant county, Tex. The Texas & Pacific Railway Company, in its petition for removal, alleged that it was a corporation organized "under and by virtue of certain acts of congress of the United States," setting forth the acts of congress by title and date. In the case at bar the plaintiff does not allege in his complaint whether the Choctaw, Ok-

2 Separable controversy, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Mineral Co., 35 C. C. A. 155.

lahoma & Gulf Railroad Company is a corporation organized under the laws of any state, or under any act of congress, but simply, in substance, that it is a corporation operating a line of railroad in Arkansas. It will be seen, therefore, that the case at bar is a much stronger case in behalf of the defendant company than the Cody Case, because in the Cody Case the complaint made an erroneous statement as to the organization of the Texas & Pacific Railway Company, while in the case at bar there is a failure to allege under what laws the Choctaw, Oklahoma & Gulf Railroad Company was incorporated. In the Cody Case the supreme court say:

"No motion to remand was made, nor was the propriety of the removal questioned in any way. Possibly the pleader did not intend to deny the federal character of the company; but, whether so or not, no issue was or could be made as to the source of its corporate existence."

The circuit court, having retained jurisdiction of that case and tried it, the judgment was affirmed by the supreme court of the United States, and the court say in that case that the decision in the Skottowe Case, supra, relied on by defendant, is in harmony with the views expressed by the court in the Cody Case. The cases which follow the Skottowe Case, cited above, do not expressly overrule the Cody Case, and none of them involve the character of the corporation, which was the precise question involved in the Cody Case. I conclude, therefore, that the plaintiff's contention on this point is erroneous.

The plaintiff's second contention is that this is a case the removal of which can be sustained only upon the ground that there is a federal question involved, and not on the ground of diverse citizenship, for the reason that the Choctaw, Oklahoma & Gulf Railroad is not a citizen of any state, but is a federal corporation, and that, in that class of cases, a removal can only be had where all the defendants join in the petition. The court is of opinion that this contention is upheld by the case of Railway Co. v. Martin, 178 U. S. 245, 20 Sup. Ct. 854, 44 L. Ed. 1055, wherein the court say:

"It thus appears on the face of the statute that if a suit arises under the constitution or laws of the United States, or if it is a suit between citizens of different states, the defendant, if there be but one, may remove, or the defendants, if there be more than one; but where the suit is between citizens of different states, and there is a separable controversy, then either one or more of the defendants may remove."

In the case at bar the suit is not between citizens of different states, because one of the defendants is a federal corporation and the other a state corporation. If removed at all, it must be removed because of the federal character of the corporation petitioning for the removal, but, as seen from the above quotation, in that class of cases all the defendants must join, which was not done in the case at bar. The motion to remand, therefore, must be sustained.