MARTIN v. ST. LOUIS S. W. RY. CO. OF TEXAS et al.

(Circuit Court, W. D. Texas, Waco Division. December 13, 1904.)

No. 808.

1. REMOVAL OF CAUSES—FEDERAL QUESTION—SUIT TO ESTABLISH JOINT LIA-BILITY OF FEDERAL CORPORATION.

A suit against two railroad companies, one of which is organized under the laws of the state of which plaintiff is a citizen and the other created by a federal statute, to establish a joint liability of the defendants for negligence, is one arising under the laws of the United States, and is removable on that ground on a petition therefor by both defendants.

On Motion to Remand to State Court.

This suit was brought by the plaintiff, as a passenger, to recover damages for personal injuries sustained while attempting to cross an open culvert, which the petition alleges was negligently constructed and maintained by the two defendants. The question to be considered arises upon a motion to remand the cause to the state court. It appears from the record that the plaintiff is a citizen of Texas; that the defendant St. Louis Southwestern Railway Company of Texas is a corporation organized under the laws of this state; and that the defendant the Texas & Pacific Railway Company owes its corporate existence to federal statutes. The suit was removed to this court, pursuant to an order of the state court, upon the joint petition of the two defendants, as one arising under the laws of the United States. The plaintiff seeks to remand the cause for the following reasons: "(1) The plaintiff's cause of action, as set forth in his petition, is against both defendants jointly, and neither presents nor discloses any separate or separable controversy as between the plaintiff and either of said defendants; (2) the cause of action, as set forth in the petition, does not contain nor include any separate or separable controversy whatever which would, in any event, authorize or sustain a removal of the cause by, or upon the petition of, the defendant St. Louis Southwestern Railway Company of Texas alone, a corporation deriving its powers from the laws of the state of Texas; (3) that the cause does not involve nor present any controversy whatever arising under the Constitution and laws of the United States, at least so far as the St. Louis Southwestern Railway Company of Texas is concerned, the same

being a Texas corporation, and there being in the suit no separable contro-
versy as to it."

I. W. Culp & W. E. Hawkins, for plaintiff.
Spoontz & Thompson, for Texas & Pacific Ry. Co.
Clark & Bolinger, for St. Louis Southwestern Ry. Co. of Texas.

MAXEY, District Judge. It is conceded by counsel representing
the respective parties, and the motion to remand is based upon the
theory, that the purpose of the suit is to establish a joint liability
against the two defendants, the one being a Texas corporation, and
the other a corporation deriving its charter, and hence its corporate
powers, from acts of Congress. It is therefore apparent that the
cause is not removable under either clause 2 of section 2, or clause
3 of section 2, of the act of March 3, 1887, c. 373, 24 Stat. 552, as
corrected by the act of August 13, 1888, c. 866, 25 Stat. 433 [U. S.
Comp. St. 1901, p. 508]. It then becomes necessary to determine
the question of removability under clause 1 of the section men-
tioned. That clause provides as follows:

"That any suit of a civil nature, at law or in equity, arising under the
Constitution or laws of the United States, or treaties made, or which shall
be made, under their authority, of which the Circuit Courts of the United
States are given original jurisdiction by the preceding section, which may
now be pending, or which may hereafter be brought, in any state court, may
be removed by the defendant or defendants therein to the Circuit Court of the
United States for the proper district."

Touching the right of removal under clause 1, in cases in-
volving the proper jurisdictional amount, the following proposi-
tions may be regarded as settled law, since the Supreme Court
has definitely determined them: (1) Where a corporation, deriving
its powers from an act of Congress, is sued alone in a state court,
it is entitled to have the cause removed to the Circuit Court on the
ground that the suit is one arising under the laws of the United
States. Texas & Pacific Railway Co. v. Cody, 166 U. S. 606, 17
Sup. Ct. 703, 41 L. Ed. 1132; Same v. Cox, 145 U. S. 593, 12 Sup.
Ct. 905, 36 L. Ed. 829; Pacific Railroad Removal Cases, 115 U. S.
1, 5 Sup. Ct. 1113, 29 L. Ed. 319. (2) Where there is no separable
controversy, as between the plaintiff and the removing defendant,
but the ground of removal is that the cause of action arises under
the Constitution or laws of the United States, the suit can be re-
moved only on the petition of all the defendants. Chicago, Rock
Island, etc., Ry. Co. v. Martin, 178 U. S. 245, 20 Sup. Ct. 854, 44 L.
Ed. 1055.

Prior to the case last cited the ruling of several of the Circuit
Courts seemed to authorize the removal of a cause under clause 1,
§ 2, although there was not a joinder of all the defendants in the
petition. See Southern Pacific R. R. Co. v. Townsend (C. C.) 62
Fed. 161; Seattle & M. Ry. Co. v. State (C. C.) 52 Fed. 594; Hunt-
er v. Conrad (C. C.) 85 Fed. 803; Lund v. Chicago, R. I., etc., Ry.
Co. (C. C.) 78 Fed. 385; Landers v. Felton (C. C.) 73 Fed. 311.
The ruling thus made found justification in Mitchell v. Smale, 140
U. S. 406, 11 Sup. Ct. 819, 840, 35 L. Ed. 442; but Martin's Case,

178 U. S. 245, 20 Sup. Ct. 854, 44 L. Ed. 1055, explains and modifies Mitchell v. Smale, and the rule now is that all defendants must join in the application.

In the present case both defendants have joined in the petition to remove. But it is objected by counsel for the plaintiff that the federal question affects only the Texas & Pacific Railway Company, and hence, notwithstanding the two defendants have united in the petition, the cause is not removable. The answer to the objection will be found in the fact that the cause of action as declared on by the plaintiff is joint, the purpose of the suit being, as before stated, to establish a joint liability against both defendants. Any suit, whatever its nature, brought against the Texas & Pacific Railway Company alone, would be one arising under the laws of the United States, and the same result would follow where the object of the suit was to establish a joint liability against that company and other parties defendant. In such case the federal question necessarily affects both parties and permeates the entire suit, entitling it to be removed where all the parties unite in the petition. Upon this point it was said by Judge Taft in Landers v. Felton (C. C.) 73 Fed. 314:

"The question here arises whether an action brought against the receiver of a United States court and others who are citizens of the same state as that of the plaintiff, to establish a joint liability of all the defendants, is a suit arising under the laws and Constitution of the United States. I do not see how it can be otherwise. No separate liability could be asserted against the receiver, as receiver, except under the laws of the United States. If no separate liability could be asserted against him except by virtue of those laws, certainly no joint liability with another can be asserted against him except by virtue of the same laws. Therefore the joint liability of the defendants with the receiver arises under the laws and Constitution of the United States. If the plaintiff wished to sue the other defendants without joining the receiver, he had his election to do so, because the liability of joint tort feasors is also several. He might, therefore, have maintained his action against the resident defendants in a state court, without any possibility of removal to a federal court. He elected, however, to join the resident defendants with a person against whom he could establish no liability, in the capacity in which he sues him, except by virtue of the laws of the United States. Therefore the joint cause of action which he asserts against all the defendants must find its sanction in the federal statutes. Hence the cause of action is removable."

See, also, Lund v. Chicago, R. I., etc., Ry. Co., supra.

This question has been otherwise decided by the Court of Civil Appeals of Texas for the Fifth District in Texas & Pacific Railway Co. v. Huber (Tex. Civ. App.) 75 S. W. 547. With due deference to the learned judges composing that court, the writer is compelled to dissent from the views expressed in the Huber Case upon the subject of removal of causes.

For the reasons stated the motion to remand should be overruled, and it is so ordered.