HEFFELFINGER v. CHOCTAW, O. & G. R. CO. et al.

(Circuit Court, W. D. Tennessee, W. D. July 5, 1905.)

1. REMOVAL OF CAUSES — SEPARABLE CONTROVERSY — DECLARATION STATING CAUSE OF ACTION FOR JOINT TORT.

Where the declaration in an action in a state court against several defendants states a cause of action for a joint tort, the action cannot be held to be one involving a separable controversy for the purposes of removal.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Removal of Causes, § 97.]

[Ed. Note.—Separable controversy ground for removal of cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Mineral Co., 35 C. C. A. 155.]

2. EVIDENCE—JUDICIAL NOTICE—FEDERAL CORPORATION.

For the purposes of the removal of a cause into a federal court, such court will take judicial notice of the fact that a defendant is a corporation created by a law of the United States, and it is immaterial that such fact does not appear from the plaintiff's declaration.

3. REMOVAL OF CAUSES—FEDERAL QUESTION—PETITION BY ONE OF JOINT DEFENDANTS.

A case presenting a joint cause of action against several defendants, and in which there is not a separable controversy, is only removable under section 1 of Act March 3, 1887, c. 372, 24 Stat. 552 [U. S. Comp. St. 1901, p. 509], on the ground that it is a suit arising under the Constitution or laws of the United States on a petition in which all of the defendants join.

[Ed. Note.—Jurisdiction of federal courts in suits involving federal questions, see notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore-Purchasing Co. v. Mining Co., 35 C. C. A. 7.]

On Motion to Remand to State Court.

Albert W. Biggs, for plaintiff.
E. E. Wright, for defendant.

McCALL, District Judge.   In this case the plaintiff, F. Heffel-finger, a citizen of Shelby county, Tenn., on August 8, 1904, brought his original suit against the Choctaw, Oklahoma & Gulf Railroad Company and the Chicago, Rock Island & Pacific Railroad Company and Edward Dwyer and Jeff Wilkerson in the circuit court of Shelby county, Tenn., seeking to hold them jointly liable for personal injuries alleged to have been inflicted upon plaintiff in Memphis, Tenn., in the sum of $10,000.   The declaration does not state the citizenship of either of the defendant railroad companies, but alleges that the defendants Edward Dwyer and Jeff Wilkerson are citizens of Shelby county, Tenn.   On September 24, 1904, and within due season, the Choctaw, Oklahoma & Gulf Railroad Company, and the Chicago, Rock Island & Pacific Railroad Company filed separate petitions in the state circuit court seeking to have the cause removed to this court—the former company, upon the ground that the Choctaw, Oklahoma & Gulf Railroad Company was incorporated under an act of Congress, and that, therefore, this is a suit arising under the Constitution and laws of the United States, within the meaning of the act of Congress of March 3, 1887, as corrected by the act of Congress of August 13, 1888; the latter company upon the ground of diverse citizenship, stating that the plaintiff was a citizen of the state of New Jersey, and that the Chicago, Rock Island & Pacific Railroad Company was a citizen of Iowa and Illinois, and that this is a separable controversy between the plaintiff on the one hand and the different defendants on the other.   On November 11, 1904, and seasonably, the two defendant railway companies jointly filed their amended petition for removal, setting out substantially the same grounds for removal as were contained in their separate petitions.   For the purpose of this opinion, it is unnecessary to go more into detail touching the pleadings in the state court or the petitions for removal, but it is sufficient to say that at the hearing the learned circuit judge denied the application for removal.   Thereupon counsel for the two defendant railroad companies procured a certified copy of the proceedings and records in the case had in the state court and filed it in this court. It appears from the record that an order of this court was made approving the filing of the certified transcript.   A motion was made to remand the case to the state court, and is now presented to be determined.

Is this a separable cause of action? is the first inquiry.   The facts stated in the declaration show that the plaintiff was injured by the joint negligence of all the defendants; that they were joint tort feasors.   The plaintiff might have sued them either jointly or severally; all or any one of the defendants.   The plaintiff having elected to sue them jointly, the defendants have no right to say

that the action is or should be several. In Torrence v. Shedd, 144 U. S. 527, 12 Sup. Ct. 726, 36 L. Ed. 528, Justice Gray said:

"Separate answers by the several defendants sued in joint causes of action may present different questions for determination, but they do not necessarily divide the suit into separate controversies. A defendant has no right to say that an action shall be several which a plaintiff elects to make joint. A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his own suit to final determination in his own way. The cause of action is the subject-matter of the controversy, and that is, for all purposes of the suit, whatever the plaintiff declares it to be in his pleadings."

See, also, Chesapeake & Ohio R. R. Co. v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121, and cases there cited.

These authorities are conclusive of this subject, and it follows that this case is not a separable controversy.

This being so, the rule of diverse citizenship does not apply, since the plaintiff and two of the defendants are citizens of Shelby county, Tenn. Hence the motion to remand must be allowed unless the fact that the defendant Choctaw, Oklahoma & Gulf Railroad Company, being incorporated by an act of Congress, presents a suit arising under the Constitution and laws of the United States, and therefore, upon that ground alone, has the right to remove this case from the state to federal jurisdiction, and thus bring the entire case into this court, notwithstanding, the case does not present a separable controversy. But is the Choctaw, Oklahoma & Gulf Railroad Company a corporation by a law of Congress? Nothing in the declaration indicates that it is. It is insisted here in argument that, if a federal question is involved, it must appear in the declaration in order to justify a removal, or else this court cannot consider it. This insistence is not sound. The court will take judicial knowledge of the fact that the defendant is a federal corporation, although the plaintiff merely describes it by its name, without more. In the case of the Texas & Pacific Railway Company v. Cody, 166 U. S. 606, 17 Sup. Ct. 703, 41 L. Ed. 1132, Chief Justice Fuller said:

"If in this case the plaintiff had simply described the defendant by its name, without more, there would seem to be no question that, as the corporation was judicially known to be a federal corporation, defendant would be entitled to remove the case on proper allegations in its petition; and we think this necessarily follows where, by some mistake or otherwise, the defendant is erroneously stated to be created under a state law."

In the case at bar the pleader, either intentionally or by oversight, failed to describe the defendant Choctaw, Oklahoma & Gulf Railroad Company as a corporation created and existing under the laws of the United States; but, whether the omission was intentional or by oversight, no issue could be made as to the source of its corporate existence.

Having determined that this case does not present a separable controversy, and the rule applicable to cases of diverse citizenship does not apply, and that the Choctaw, Oklahoma & Gulf Railroad Company is a federal corporation, and hence presents a suit arising under the Constitution and laws of the United States, the ques-

tion arises, has it the right to remove this case to this court? A very similar, if not the precise, question, was presented and decided in the case of the Chicago, Rock Island & Pacific Railway Company v. Martin in 178 U. S. 245, 20 Sup. Ct. 854, 44 L. Ed. 1055. After quoting the removal act of March 3, 1887, Chief Justice Fuller in that case said:

"It thus appears on the face of the statute that, if a suit arises under the Constitution and laws of the United States, or if it is a suit between citizens of different states, the defendant, if there be but one, may remove, or the defendants, if there be more than one; but where the suit is between citizens of different states, and there is a separable controversy, then either one or more of the defendants may remove."

Continuing, he said:

"Under the first clause of section 2 of the act of 1875 (Act March 3, 1875, c. 137, 18 Stat. 470 [U. S. Comp. St. 1901, p. 509]), which applied to 'either party,' but in its re-enactment in the second clause of section 2 of the act of 1887, above quoted (Act March 3, 1887, c. 372, 24 Stat. 552 [U. S. Comp. St. 1901, p. 509]), is confined to the defendant or defendants, it was well settled that a removal could not be effected unless all the parties on the same side of the controversy united in the petition; and so as to the second clause of the second section of the act of 1875, which corresponds with the third clause of the second section of the act of 1887, it was held that that clause only applied where there were two or more controversies in the same suit, one of which was wholly between citizens of different states."

The Chief Justice here states that all the defendants must join in the petition for removal in nonseparable controversies under the second clause of section 2 of the act of 1887. This is the clause providing for removal in cases of diverse citizenship. Further discussing the case, the Chief Justice said:

"There is no separable controversy here. The case presented a joint cause of action against all of the defendants, and, indeed, the removal was applied for on the ground that the suit arose under the Constitution and laws of the United States. It therefore came within the first clause of the act of removal of 1887, and, if the same rule governs proceeding under that clause that obtains in respect of the second clause, the judgment of the Supreme Court of Kansas must be affirmed. And in view of the language of the statute we think the proper conclusion is that all of the defendants must join in the application under either clause."

The case at bar and the one just cited are so nearly alike that I may use the words of the Chief Justice and say: There is no separable controversy here. The case presents a joint cause of action against all of the defendants, and, indeed, the removal is applied for by the Choctaw, Oklahoma & Gulf Railroad Company on the ground that the suit arises under the Constitution and laws of the United States. It therefore comes within the first clause of the act of 1887.

In the Martin Case, supra, the Supreme Court held that the same rule must obtain in cases arising under the first clause of the act of 1887 that obtains in cases arising under the second clause in said act. In view of the language of the statute and this holding by the Supreme Court of the United States in the case last cited, I think that the proper conclusion is that all the defendants in this case must join in the petition for removal.

They having failed to do so, it follows that the motion to remand must be allowed, and it is so ordered.