CHOCTAW, O. & G. R. Co. v. HENDRICKS.

No. 681, Ind. T.    Opinion Filed May 13, 1908.

(95 Pac. 970.)

**REMOVAL OF CAUSES—Action Arising Under Federal Laws—Admission of Territory—Allegation of Federal Character.** In an action pending on the docket of the United States Court of Appeals for the Indian Territory at the time of the admission of the state, plaintiff, who was a resident of the Indian Territory prior to statehood, and has been a citizen of the state since its admission, alleges in her complaint that defendant is a corporation. Defendant, in fact, is a corporation organized under and by virtue of an act of Congress, and recites such fact in a petition for removal of the case to the federal courts. Held, that the action of plaintiff arises under the laws of the United States, and that defendant, under the provisions of section 16 of the Enabling Act (Act June 16, 1906, chapter 3335, 34 Stat. 276), as amended by Act March 4, 1907, chapter 2911, section 1, 34 Stat. 1286, is entitled to have the case removed to the Circuit Court of the United States.

(Syllabus by the Court.)

Action by Jennie Hendricks against the Choctaw, Oklahoma & Gulf Railroad Company. Judgment for plaintiff, and defendant appeals to the Court of Appeals in the Indian Territory. Ap-

pellant petitioned for removal of the cause from the Supreme
Court of the state to the United States Circuit Court.   Petition
granted.

*C. O. Blake* and *Thos. R. Beman,* for appellant.

*J. S. Arnote,* for appellee.

HAYES, J.   This is an action for damages, instituted by ap-
pellee in the United States Court for the Central District of the
Indian Territory at South McAlester, against the Choctaw, Ok-
lahoma & Gulf Railroad Company, for the sum of $10,000.   The
case was tried in that court, and resulted in judgment in favor of
appellee in the sum of $2,000.   An appeal was taken to the United
States Court of Appeals in the Inidan Territory, where the case
was pending at the time of the admission of the state into the
Union; and it comes to this court under the provisions of the
Enabling Act.   (Act June 16, 1906, c. 3335, 34 Stat. 276.)

Appellant has filed its petition for removal of the case to
the United States Circuit Court for the Eastern District of Okla-
homa, and alleges that at the time of the commencement of the
suit appellee was a citizen of the Indian Territory, and continued
as such until the admission of the state into the Union, since
which time she has been a citizen of the state of Oklahoma; that
appellant is and has been at all times a corporation organized un-
der and by virtue of a certain act of Congress of the United
States, approved August 24, 1894 (28 Stat. 502, c. 330) ; and that
its principal place of business is in the city of Philadelphia, and
that it has at no time been a citizen or resident of either the In-
dan Territory, the territory of Oklahoma, or the state of Okla-
homa.   Under the facts alleged in its petition, appellant contends
for the right to have this cause removed to the United States Cir-
cuit Court for the Eastern District of this state upon two grounds :
First, diversity of citizenship in an action in which the amount in
controversy exceeds the sum of $2,000 ; second, for the reason that
appellant is a federal corporation and the action therefore arises
under the laws of the United States.   Appellee resists the removal

of the cause, and insists that the first ground for removal cannot be well taken for the reason that, although appellee sought to recover by her suit against appellant the sum of $10,000, the judgment rendered in the trial court in favor of appellee was for only $2,000, and that the amount in controversy in the action on appeal, at this time and at the time the appellant's petition for removal was filed, is the amount of said judgment, and is not sufficient to entitle appellant to a transfer of the case.

Appellant's right of removal in this case does not arise under the judiciary act of March 3, 1875, and the amendments thereto, but under the act of Congress of June 16, 1906, and the amendments thereto, commonly known as the Enabling Act of the state of Oklahoma. *Herman v. McKinney* (C. C.) 43 Fed. 689; *Crown Point Min. Co. v. Ontario Min. Co.* (C. C.) 74 Fed. 419; *McCormick v. Western Union Tel. Co.*, 79 Fed. 449, 25 C. C. A. 35, 38 L. R. A. 684. Section 16 of the Enabling Act as amended (Act March 4, 1907, c. 2911, 34 Stat. 1286), provides:

"That all civil causes, proceedings, and matters pending in the Supreme or district courts of Oklahoma Territory, or in the United States Court or United States Court of Appeals in the Indian Territory, arising under the Constitution, laws, or treaties of the United States, or affecting ambassadors, ministers, or consuls of the United States, or of any other country or state, or of admiralty or of maritime jurisdiction, or in which the United States may be a party, or between citizens of the same state claiming lands under grants from different states; and all cases where there is a controversy between a citizen of either of said territories prior to admission and a citizen of any state, or between a citizen of any state and a citizen or a subject of any foreign state or country, in which cases of diversity of citizenship there shall be more than two thousand dollars in controversy, exclusive of interest and cost, shall be transferred to the proper United States Circuit or District Court established by this act, for final disposition. * * * *"

Since the admission of the state of Florida into the Union in 1845, it has been the policy of Congress, in admitting a territory into the Union as a state, to provide for the disposition of cases in the courts of such territory by providing that all cases of a fed-

eral character shall or may be transferred to the federal courts, and all cases of a local character to the state courts. The language of the various acts of Congress by which this has been accomplished in the admission of the states into the Union has not been uniform. In some of the acts the transfer of cases of a federal character to the federal courts was made compulsory; no right of election being left by the provisions of the act to be exercised by the parties to the suit. But the general purpose of all of such acts has been to provide that cases pending in the courts of a territory at the time of its admission into the Union as a state might be disposed of in the same manner that they could have been disposed of if the territory had been a state at the time of the institution of such suits. The language used in the Enabling Act of Oklahoma, providing for the removal of cases from the courts of the Indian Territory and the territory of Oklahoma, in which matters arising under the Constitution and laws of the United States or treaties made are involved, is practically identical with the language of the judiciary act of March 3, 1875, providing for the removal of cases arising under the Constitution and laws of the United States and treaties made from the state courts to the federal courts, and should therefore, we think, receive the same construction. Under our view of the case, there is no diversity of citizenship in this action, for the reason that appellant is a federal corporation, and not a citizen of any state, and if it has a right to have this action removed, as prayed for in its petition, such right must arise by reason of the matters in controversy under some law of the United States. *Scott v. Choctaw, Oklahoma & Gulf R. R. Co.* (D. C.) 112 Fed. 180; *Supreme Lodge Knights of Pythias v. England,* 94 Fed. 369, 36 C. C. A. 298. It is therefore unnecessary for us to consider what is the amount in controversy in this action for the reason that the right of removal, under section 16 of the Enabling Act, is affected by the amount in controversy only when there is a diversity of citizenship, and not where the action arises under the Constitution and laws of the United States or treaties made.

It is insisted that appellant's second alleged ground for removal cannot be well taken, for the reason that appellant is not such a federal corporation as makes a suit against it an action under the laws of the United States, and that same does not appear from the appellee's complaint filed in the court below. We do not deem it necessary to discuss in detail the character of appellant as a corporation, for the reason that the same has been twice decided in the federal courts. In *Scott v. Choctaw, Oklahoma & Gulf R. R. Co. et al., supra,* Judge Rogers, judge of the United States District Court of the Western District of Arkansas, on a petition for removal filed by the railroad company, and without its codefendant joining therein, held that the Choctaw, Oklahoma & Gulf Railroad Company is a federal corporation, but that it was not entitled to have the case removed, for the reason that all the defendants did not join in the petition. A like holding was made by Judge McCall, in the United States Circuit Court of the Western District of Tennessee, in *Heffelfinger v. Choctaw, Oklahoma & Gulf R. R. Co. et al.,* 140 Fed. 75. In the latter case the removal was also denied, for the reason that all the defendants did not join in the petition for removal, and the court, in speaking of the character of the Choctaw, Oklahoma & Gulf Railroad Company, said:

"In the case at bar the pleader, either intentionally or by oversight, failed to describe the defendant Choctaw, Oklahoma & Gulf Railroad Company as a corporation created and existing under the laws of the United States; but, whether the omission was intentional or by oversight, no issue could be made as to the source of its corporate existence."

Appellee relies upon the case of *Texas & Pacific R'y Co. v. Cody,* 166 U. S. 606, 17 Sup. Ct. 703, 41 L, Ed. 1132, as supporting her in her contention that, in order for appellant to be entitled to a removal of the case at bar as prayed for in its petition, it must appear in appellee's complaint that the cause of action arises under the laws of the United States; but a careful analysis of the opinion of the United States Supreme Court in that case estab-

lishes the reverse of appellee's contention. Cody instituted suit against the Texas & Pacific Railway Company in the district court of Tarrant county, Tex., and alleged in his petition that he was a citizen of the state of Texas and a resident of Tarrant county; that the Texas & Pacific Railway Company was a private corporation and existed under the laws of the state of Texas. The railroad company filed in due time its petition for removal to the Circuit Court of the United States for the Northern District of Texas, which was granted, and after a trial in that court the case was appealed to the United States Supreme Court, where the question of jurisdiction in that court was raised. Mr. Chief Justice Fuller, who delivered the opinion of the court, used the following language:

"It is obvious that in the instance of diverse citizenship a different question is presented. Plaintiff may run his own risk in respect of the cause of action on which he proceeds; but he cannot cut off defendant's constitutional right as a citizen of a different state than the plaintiff to choose a federal forum, by omitting to aver, or mistakenly or falsely stating, the citizenship of the parties. And this must be so also as to federal railroad corporations. It was held in *Union P. R. Co. v. Myers* (Pacific R. Removal Cases) 115 U. S. 1, 5 Sup. Ct. 1113, 29 L. Ed. 319, that as all the faculties and capacities possessed by such corporations were derived from their acts of incorporation by Congress, all their doings arose out of those laws, and therefore suits by and against them were 'suits arising under the laws of the United States.' Conceding this, the principle applicable to diverse citizenship may reasonably be applied to them."

The petition for removal in that case attempted to, and did, set up but one ground for removal, to-wit, that the railroad company was a federal corporation; and it was for this reason that the Supreme Court of the United States held that it had jurisdiction of the case, and, after discussing the general rule of law that, in order to remove from the state court to a federal court an action arising under the Constitution and laws of the United States or treaties made, the federal nature of such action must be disclosed by plaintiff's statement of his claim, the court holds

that such rule does not apply in cases where the defendant is a federal corporation, but that the rule that applies to cases of diverse citizenship governs, which rule is that the cause may be removed upon petition for removal alleging the federal character of the corporation, although such fact does not appear in plaintiff's complaint. Rose's Code of Federal Procedure, vol. I, p. 340; Moon on the Removal of Causes, p. 258, and the authorities there cited.

Appellee calls our attention to the case of *Oregon Short Line & U. N. R. R'y Co. v. Skottowe,* 162 U. S. 490, 16 Sup. Ct. 869, 40 L Ed. 1048, as supporting the proposition that the federal character of the defendant company must appear from the plaintiff's complaint; but this case was commented upon in the case of *Texas & Pacific R'y Co. v. Cody, supra,* in which the court states that the opinion of the court in the *Skottowe Case* is not in conflict with the opinion rendered by the court in the *Cody Case,* but is in harmony with it.

Appellee relies upon the cases of *Chappell v. Waterworth,* 155 U. S. 102, 15 Sup. Ct. 34, 39 L. Ed. 85; *Postal Telegraph Cable Co. v. Alabama,* 155 U. S. 482, 15 Sup. Ct. 192, 39 L. Ed. 231, and *East Lake Land Co. v. Brown,* 155 U. S. 488, 15 Sup. Ct. 357, 39 L. Ed. 233; but in none of these cases was the party who prayed for the removal of the case a federal corporation, and the question involved in those cases upon the removal was not the question involved in the case at bar. It is not necessary to criticise favorably or adversely the reasoning by which the courts have reached the conclusion that an action against a federal corporation is an action arising under the laws of the United States, because it has become the settled rule of the Supreme Court of the United States, and until overruled by that court it is our duty to follow it.

The order of removal prayed for in appellant's petition is granted.

All the Justices concur.