CHOCTAW, O. & G. R. Co. *et al. v.* HAMILTON.

No. 722, Ind. T.    Opinion Filed May 13, 1908.

(95 Pac. 972.)

1. REMOVAL OF CAUSES—Action in Territorial Court—Admission of Territory. An action against a federal railroad corporation, pending in the United States Court of Appeals for the Indian Territory at the time of the admission of the state into the Union, is an action arising under the laws of the United States, and under section 16 of the Enabling Act (Act June 16, 1906, chapter 3335, 34 Stat. 276), as amended by Act March 4. 1907, chapter 2911, section 1, 34 Stat. 1286, may be removed to the federal courts.

2. PARTIES—Nominal Parties. Although one of three defendants against whom a joint action is brought for damages is indemnified by one of the other defendants against any loss by reason of any judgment that may be obtained in the action, such defendant is not a nominal or formal party to the suit, but is a substantial party thereto.

3. REMOVAL OF CAUSES—Actions Arising Under Federal Laws—Joint Defendants. A joint action against three corporations for damages, one of which is a federal railroad corporation, is an action arising under the laws of the United States, and under section 16 of the Enabling Act (Act June 16, 1906, chapter 3335, 34 Stat. 276), as amended by Act March 4, 1907, chapter 2911, section 1, 34 Stat. 1286, may be removed to the federal courts upon a joint petition of all the defendants for such removal.

(Syllabus by the Court.)

Action by J. E. Hamilton against the Choctaw, Oklahoma & Gulf Railroad Company and others. Judgment for plaintiff, and defendants appeal to the Court of Appeals of Indian Territory, and petition for removal from the Supreme Court of the state to the United States Circuit Court. Petition granted.

*C. O. Blake* and *Thos. R. Beman,* for appellants.
*Potterf & Walker* and *A. C. Cruce,* for appellee.

HAYES, J.    This action was begun by appellee, as plaintiff, against appellants, as defendants, on or about July 9, 1904, in

the United States Court for the Southern District of the Indian Territory at Ardmore, to recover the sum of $2,000 damages. A trial was had and judgment was rendered in favor of the appellee against the defendants. The case was appealed by defendants to the United States Court of Appeals of the Indian Territory at South McAlester, and the case was pending on the docket of said court at the time of the admission of the state into the Union, and was transferred to this court under the provisions of the Enabling Act (Act June 16, 1906, c. 3335, 34 Stat. 276.)

Appellants have filed their joint petition for removal of the case from this court to the United States Circuit Court for the Eastern District of Oklahoma, and have alleged for their ground for removal that the Choctaw, Oklahoma & Gulf Railroad Company, one of the defendants in the court below and one of the appellants in this court, was at the time of the institution of said suit, and ever since has been, and now is, a corporation organized and existing under a certain act of Congress of the United States, approved August 24, 1894 (28 Stat. 502, c. 330), and that it has at no time been a resident of the Indian Territory, the territory of Oklahoma, or the state of Oklahoma, by reason of which facts they contend that the action arises under laws of the United States, which, under the provisions of section 16 of the Enabling Act, entitles them to removal of the action as prayed for in their petition. Appellee resists the petition of appellants for removal, and as reasons therefor contends: First, that the Choctaw, Oklahoma & Gulf Railroad Company is not a federal corporation of such character and nature as that the bringing of a suit against it presents a federal question, entitling it to removal of such suit to the federal courts under the provisions of the Enabling Act; second, that, if the Choctaw, Oklahoma & Gulf Railroad Company is a federal corporation of such character and nature that a suit against the same presents a federal question for the consideration of the court, it is in this action a nominal party, and therefore no removal can be had on account of its being one of the defendants in the action; third, that if the

Choctaw, Oklahoma & Gulf Railroad Company is a federal corporation of such nature and character that a suit against the same presents a federal question for the consideration of the court in this case such federal question is presented only as to the Choctaw, Oklahoma & Gulf Railroad Company, and is not presented as to the other defendants in the action, and therefore defendants are not entitled to a removal of the case to the Circuit Court, as prayed for in their petition.

The first contention presented by appellee as a reason why this petition should be denied has been directly passed upon by this court at the present term in the case of *Choctaw, Oklahoma & Gulf Railroad Company* v. *Hendricks, post,* p. 135, 95 Pac. 970, in which case this court held that the Choctaw, Oklahoma & Gulf Railroad Company is such a federal corporation that a suit against it presents a question arising under the laws of the United States, for which reason a removal may be had under the provision of section 16 of the Enabling Act. We recognize the rule of law contended for by appellee in his second contention, to-wit, that in an action a nominal or formal party thereto can neither defeat nor give the right of removal to the other parties to the action by reason of his being a party thereto. Moon on the Removal of Causes, p. 431. But, as stated by appellee in his brief .in this action, this action is brought by him against appellants jointly for the recovery of the sum of $2,000 damages, which he alleges he has sustained by reason of the fact that he is the owner of certain residence property situated in the city of Ardmore, and that the Western, Oklahoma & Gulf Railway Company and the Choctaw, Oklahoma & Gulf Railroad Company in the construction of a railroad built same within a few feet of his said property, and established near said property a roundhouse and machine shops, a large water tank, and a coal bin, and in the operation of said railroad and switches the defendants have continually maintained, and the Chicago, Rock Island & Pacific Railway Company is now maintaining, thereon engines and cars, and that the defendants have continually maintained in and about said

roundhouse, near said water tank and coal bin, and in front of and within a few feet of plaintiff's property, engines and cars that continually emit large volumes of smoke, dust, and cinders, which have come over and settled upon appellee's property and greatly injured the same. We do not deem it necessary to further state the allegations of appellee's complaint, for the reason that the facts therein alleged, as stated in his brief, constitute a joint action against appellants.

It was developed by the evidence that after said railroad was built the Choctaw, Oklahoma & Gulf Railroad Company leased the same to the Chicago, Rock Island & Pacific Railway Company, one of the provisions of which lease reads as follows:

"The lessee [Chicago, Rock Island & Pacific Railway Company] shall and will save harmless and indemnify the lessor from and against all causes of action, legal and equitable, arising by reason of the acts or neglect of the lessee, or of the failure of the lessee or any of its officers, agents, or employes to fulfill any duty towards the lessor, or towards the public or any person or persons whomsoever, which the lessor by reason of its ownership, or the lessee by reason of its occupancy, of the demised premises, or otherwise, may owe, and shall and will at its own cost and expense defend such actions which may be brought against the lessor, and shall pay all amounts which may be recovered therein against the lessor for or upon the said cause of action."

The court by its instruction permitted the jury to apportion, among the defendants the damages in the action, if any they found in favor of plaintiff, and the jury by its verdict assessed the damages against defendants as follows: Against the Western, Oklahoma & Gulf Railroad Company the sum of $200; against the Choctaw, Oklahoma & Gulf Railroad Company the sum of $250; against the Chicago, Rock Island & Pacific Railway Company the sum of $250. Appellee contends that by the provision of the lease contract of the Choctaw, Oklahoma & Gulf Railroad Company to the Chicago, Rock Island & Pacific Railway Company, quoted *supra*, the Choctaw, Oklahoma & Gulf Railroad Company is indemnified by the Chicago, Rock Island & Pacific Rail-

way Company against any loss in this action by reason of any judgment that may be obtained against it, and that, therefore, it has no interest in this action and is a nominal party.

We cannot concur in this contention and reasoning of the appellee. Waiving the question whether, under the facts in this case, the provisions of the lease contract, cited *supra,* indemnify the Choctaw, Oklahoma & Gulf Railroad Company against any judgment that may be obtained against it in this action, the Choctaw, Oklahoma & Gulf Railroad Company still has a substantial interest in this action, for the reason that, if a judgment should ultimately be recovered in this action against it, its property would be subject to execution upon a writ of execution issued at the instance of appellee, and it would be directly liable under such judgment to the appellee for such amount as might be recovered in this action against it. The fact that the Choctaw, Oklahoma & Gulf Railroad Company might, under its lease contract with the Chicago, Rock Island & Pacific Railway Company, obtain judgment against it for such amount as the Choctaw, Oklahoma & Gulf Railroad Company might be compelled to pay appellee by reason of this suit, does not make it a nominal party. Conditions could arise under which a judgment in this action against the Choctaw, Oklahoma & Gulf Railroad Company would as seriously affect it, even though it is indemnified by its contract with the Chicago, Rock Island & Pacific Railway Company, as if it had been sued alone. If, for instance, judgment should be obtained in this action against it, and it should be compelled to pay the same, and the Chicago, Rock Island & Pacific Railway Company in the meantime became insolvent, the judgment in this action would then affect the Choctaw, Oklahoma & Gulf Railroad Company just as if it had been sued alone.

In support of his third contention appellee relies upon the case of *Texas & Pacific Ry. Co. v. Huber,* 33 Tex. Civ. App. 75, 75 S. W. 547. The plaintiff and one of the defendants in that case were residents of the state of Texas. The other defendant was a federal corporation. A petition for removal was made by

both defendants. The court held that an order for removal should not be granted upon a petition for removal, made by both defendants· upon the ground that a federal question was raised, by reason of the fact that one of the defendants was a federal corporation. The Court of Civil Appeals of Texas held in the case that the federal question raised affected only one of the defendants, and was not ground for removal of the action. Mr. Justice Rainey, who delivered the opinion of the court, said that he had been unable to find any authorities in point on the question involved in the petition for removal, but, after citing *Railway Co. v. Martin*, 178 U. S. 245, 20 Sup. Ct. 854, 44 L. Ed. 1055, *Miller v. Bank* (C. C.) 116 Fed. 551, and *Mayor et al. v. Independent Steamboat Co.* (C. C.) 21 Fed. 593, said:

"The proper construction of the foregoing decisions on this question, in our opinion, is that the courts only intend to hold that in suits involving no separable controversy, there being more than one defendant, each defendant should have a cause for removal, and each should join in the application for removal."

We do not believe that the facts or the language of the court in the opinions cited by Mr. Justice Rainey support the construction he has attempted to give said opinions. In all of those cases there was at least one defendant who was a resident of the state of the plaintiff, and in each of said cases it might have been as successfully contended that a federal question affected only one of the parties to the action, as could have been done in the *Huber Case,* or could be done in the case at bar, but in each of those cases, with the facts before the court, the court held that the removal would not lie for the reason that all the defendants did not join in the petition for removal. With the facts before the court in each of those cases to the effect that a federal question affected only one of the defendants in the case, and the court holding that the petition for removal should have been denied, because all· the parties did not join·in the petition, it appears to us much more susceptible of the construction that, if all the defendants had joined, the petition for removal would have been properly granted,

than to the construction Mr. Justice Rainey has given them. This question, to our knowledge, has never been directly passed upon by the Supreme Court of the United States; but in *Landers v. Felton et al.,* 73 Fed. 311, the United States Circuit Court for the District of Kentucky held that in an action in which one of the defendants was a receiver appointed by the Circuit Court of the United States for the District of Kentucky, and the other defendant was a corporation organized under the laws of Kentucky, and another defendant a citizen of the state of Kentucky, a federal question was raised by virtue of the fact that one of the defendants was a receiver appointed by the Circuit Court of the United States, and by reason of such fact the case could be removed to the federal court upon petition for removal by all the defendants.

*Landers v. Felton* was cited and approved by the Circuit Court of the United States for the District of Nebraska in *Lund v. Chicago, Rock Island & Pacific Ry. Co. et al.,* 78 Fed. 385, in which case the court held, as in *Landers v. Felton, supra,* that a joint action against several defendants, one of whom was a receiver appointed by a federal court of a corporation chartered by Congress, is an action arising under the laws of the United States, which may be removed to the federal courts upon petition of all of the defendants. Both the cases of *Landers v. Felton, supra,* and *Lund v. Chicago, Rock Island & Pacific Ry. Co., supra,* are referred to and approved in *Martin v. St. Louis Southwestern Ry. Co.* (C. C.) 134 Fed. 134, in which case *Texas & Pacific Ry. Co. v. Huber* is referred to and disapproved. Plaintiff in that case resisted defendant's petition for removal on the ground that only one of the defendants was a federal corporation, and that, since the other was a state corporation, no federal question could arise except as to one of the defendants; but Judge Maxey, in his opinion discussing this contention of the plaintiff, used the following language:

"But it is objected by counsel for the plaintiff that the fed-

eral question affects only the Texas & Pacific Railway Company, and hence, notwithstanding the two defendants have united in the petition, the cause is not removable. The answer to the objection will be found in the fact that the cause of action as declared on by the plaintiff is joint; the purpose of the suit being, as before stated, to establish a joint liability against both defendants. Any suit, whatever its nature, brought against the Texas & Pacific Railway Company alone, would be one arising under the laws of the United States, and the same result would follow where the object of the suit was to establish a joint liability against that company and other parties defendant. In such case the federal question necessarily affects both parties and permeates the entire suit, entitling it to be removed where all the parties unite in the petition."

*Chicago, Rock Island & Pacific Ry. Co. v. Martin*, 178 U. S. 245, 20 Sup. Ct. 854, 44 L. Ed. 1055, was an action brought by Lissie Martin against the Chicago, Rock Island & Pacific Railway Company and one Clark and others as receivers of the Union Pacific Railway Company in the district court of Clay county, Kan. A petition for removal of the case to the United States Circuit Court for the District of Kansas was made on the ground that the action arose under the Constitution and laws of the United States. The petition was made by the receivers of the Union Pacific Railway Company alone. The court refused to grant the removal. Judgment was obtained against the defendants, and appeal was taken to the Supreme Court of Kansas, and ultimately carried on appeal to the Supreme Court of the United States; but throughout the entire proceeding the action of the trial court in refusing the petition for removal was relied upon by defendants as error. The Supreme Court of the United States held that the petition for removal was properly denied by the trial court, for the reason that all the defendants did not join in the petition for removal. The court in that case reserved expressing any opinion upon the question whether an action against a receiver appointed by a federal court is an action arising under the laws of the United States, and disposed of the case by holding that if the receivers in that action had a right of removal, since the controversy

was not separable, a removal should not be granted upon a petition not made by all of the defendants. The court does not pass upon the question presented in the case at bar; but the language used in the opinion subjects it to the inference that, if a federal question had been raised in the action as to part of the defendants and a petition for removal had been made by all of the defendants, the removal should have been granted.

A similar holding was made by Judge Rogers, judge of the District Court for the Western District of Arkansas, in *Scott v. Choctaw, Oklahoma & Gulf R. R. Co. et al.,* 112 Fed. 180, in which case one of the defendants was a corporation organized under the laws of Arkansas, of which state plaintiff was a resident. Judge Rogers used the following language in his opinion:

"The plaintiff's second contention is that this is a case the removal of which can be sustained only upon the ground that there is a federal question involved, and not on the ground of diverse citizenship, for the reason that the Choctaw, Oklahoma & Gulf Railroad Company is not a citizen of any state, but is a federal corporation, and that in that class of cases a removal can only be had where all the defendants join in the petition. The court is of the opinion that this contention is upheld in the case of *Railway Co. v. Martin,* 178 U. S. 245, 20 Sup. Ct..854, 44 L. Ed. 1055."

A similar holding was made by the Circuit Court for the District of Kentucky in *Marr's v Felton et al.,* 102 Fed. 775, and by the Circuit Court of the Western District of Tennessee in *Heffelfinger v. Choctaw, Oklahoma & Gulf R. R. Co.,* 140 Fed. 75.

While, so far as we have been able to find, no appellate court has passed upon the question directly presented in this petition, in view of the fact that three *nisi prius* federal courts have directly passed upon the same, and held that where a federal question in a joint action against several defendants is directly presented as to one of the defendants it may be removed upon petition of all of the defendants, and in view of the fact that the language of the United States Supreme Court in *Railway Co. v Martin, supra,* is strongly subjected to the inference

that, if all the defendants had joined in the petition for removal in that action, the court would have held that the petition should have been granted, we take it that the weight of authorities upon this question supports the contention of petitioners in this action, and it is our opinion, as was said by Judge Maxey in *Martin v. St. Louis S. W. Ry. Co.*, *supra*, that if, in a joint action against several defendants, a federal question is raised as to one of the defendants, it permeates the entire action and affects all of the defendants. In this case all the defendants join in the petition for removal.

The order for removal is granted.

All the Justices concur.