Dow *v.* BRADSTREET Co. *et al.*

(*Circuit Court S. D. Iowa, W. D.*   June 15, 1891.)

1. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY.
   A petition by a citizen of Iowa jointly against a mercantile agency, a resident of Connecticut, and its alleged correspondent, a citizen of Iowa, which alleges that the latter sent to the former a false statement as to plaintiff's financial condition, and that the former published it to its subscribers, does not present a separable controversy, to entitle defendant mercantile agency to remove the case to the federal court.

2. SAME—JOINDER OF SHAM PARTY—PRACTICE.
   In such case the mercantile agency may show by proper allegations in a petition for removal from the state to the federal court, and by proof, that its co-defendant was joined with it merely for the fraudulent purpose of defeating the jurisdiction of the federal court.

At Law.   Motion to remand.

*Berryhill & Henry, Kauffman & Guernsey,* and *J. C. Connor,* for plaintiff.
*Cole, McVey & Cheshire,* for defendants.

SHIRAS, J.   In the petition, filed in this case in the district court of Crawford county, Iowa, it is averred that the Bradstreet Company is a corporation created under the laws of the state of Connecticut, engaged in carrying on the business of a mercantile agency throughout the United States; that the defendant H. S. Green is an agent and correspondent of said company, located at Dow City, Crawford county, Iowa; that on or about the 21st of December, 1890, said Green sent to the office of the Bradstreet company at Des Moines, Iowa, a telegram stating that the plaintiff, who was engaged in business at Dow City, Iowa, had transferred a large quantity of real estate, and on the 24th of December, 1890, said Green sent or caused to be sent to the Bradstreet Company a further telegram to the effect that plaintiff had failed in business; that the Brad-

street Company caused to be published to all of its subscribers the information contained in the telegrams mentioned; that the statements thus forwarded by Green and published by the company were false, and worked great injury to plaintiff, causing him damages in the sum of $100,-000, for which amount judgment is prayed against the defendants. The defendant company in due season filed a petition for the removal of the case into this court, averring therein that the company was, when the suit was brought, and continues to be, a corporation created under the laws of the state of Connecticut; that the plaintiff was and is a citizen of the state of Iowa; that the defendant Green was and is a citizen of Iowa; that the action involved two controversies,—one against the defendant Green for sending the alleged false information by telegram to the company, and the other against the company for communicating or publishing the same to its subscribers,—and that the controversies are separable, and for that reason the case is a removable one, and further, that the defendant Green is joined as a defendant to prevent a removal of the case; that he is a sham defendant, has no interest in the controversy, never was the agent of the company, never sent any telegram to the company touching the plaintiff, and has no connection with the matter, and is simply joined as a defendant for the purpose of defeating the jurisdiction of this court. In support of the petition for removal the affidavits of the agent of the company at Des Moines and of the defendant Green are filed, in which it is averred that Green was not the agent or correspondent of the company at Dow City or elsewhere; that he did not furnish any information, by telegram or otherwise, to the company in regard to the plaintiff, and had no connection, direct or indirect, therewith. A transcript of the record having been filed in this court, the plaintiff now moves for an order remanding the case to the state court, and thus the question of the jurisdiction of this court is presented for determination. In support of the right of removal it is urged on behalf of the defendant company that the case presents separable controversies, within the meaning of the statute,—one against Green for sending the telegrams to the company, and thereby publishing the same to the company; and another against the company, for publishing these telegrams to its subscribers. The able argument submitted by counsel for the company clearly demonstrates that the plaintiff might have brought two separate actions against the respective parties upon the facts alleged in the petition, but the question is, has the plaintiff in fact done so, or has he chosen to declare jointly against the defendants? As stated in Cooley on Torts, 194:

"In general, all persons in any manner instrumental in making or procuring to be made the defamatory publication are jointly and severally responsible therefor."

In determining whether the case presents separable controversies, the allegations of the declaration or petition are held to be true, and the question is to be solved by the issues thereby presented. *Railroad Co.* v. *Grayson*, 119 U. S. 240, 7 Sup. Ct. Rep. 190. In *Pirie* v. *Tvedt*, 115

U. S. 41, 5 Sup. Ct. Rep. 1034, 1161, which was an action for a malicious prosecution, it is said:

"There is here, according to the complaint, but a single cause of action, and that is the alleged malicious prosecution of the plaintiffs by all the defendants acting in concert. The cause of action is several as well as joint, and the plaintiffs might have sued each defendant or all jointly. It was for the plaintiffs to elect which course to pursue. They did elect to proceed against all jointly, and to this the defendants are not permitted to object. The fact that a judgment in the action may be rendered against a part of the defendants only, does not divide a joint action in tort into separate parts, any more than it does a joint action on contract."

See, also, *Sloane* v. *Anderson*, 117 U. S. 275, 6 Sup. Ct. Rep. 730.

In the petition filed herein the publications complained of as causing damage to the plaintiff were those made by the defendant company to their subscribers, and the defendants are declared against for these publications, as being jointly instrumental in bringing them about; and hence the petition must be construed as a joint declaration against the defendants. As the plaintiff and the defendant Green are both citizens of the state of Iowa, and as the petition does not present or include a separable controversy between the plaintiff and the defendant corporation, the jurisdiction of this court cannot be sustained upon that ground.

The next question for determination is that arising upon the averment of the petition for removal, that Green is but a sham party, having been joined as a defendant for the purpose of defeating the jurisdiction of this court. The first point for consideration is whether, if true, such fact can be shown in aid of a petition for removal filed by the real defendant. The principle has always been recognized that the joinder of purely nominal parties in an action cannot defeat the removal of the cause by the real party in interest if the jurisdictional facts exist as to him. *Wood* v. *Davis*, 18 How. 467; *Sewing-Machine Cases*, 18 Wall. 553; *Bacon* v. *Rives*, 106 U. S. 99, 1 Sup. Ct. Rep. 3. If, then, in determining the question of jurisdiction, either original or by removal, it is permissible to ignore the presence of parties who, upon the record, appear to be purely nominal parties, having no real interest in or relation to the cause of action, should not the same rule apply in case it appears that a given party has been made such, solely for the purpose of defeating the right of removal to the federal court, without such party having any interest in the subject of litigation? In the case of *Society* v. *Ford*, 114 U. S. 635, 5 Sup. Ct. Rep. 1104, it was held that the colorable or fraudulent assignment of a cause of action from A. to B., the latter being a citizen of the same state as the defendant, and the suit being brought in the name of B., could not be availed of as ground for removal, which right would have existed had the suit been in the name of A. It was held that the colorable or fraudulent nature of the assignment would be a defense to the action as brought, but that proof of the fraudulent purpose of the assignment would not have the effect of changing the action from one between citizens of the same state to one between citizens of different states. To the same effect was the ruling in *Oakley* v. *Goodnow*, 118 U.

S. 43, 6 Sup. Ct. Rep. 944. In those cases there was but a single plaintiff, and therefore the question of the joinder of nominal, immaterial, or sham parties with the real parties in interest was not presented. In *Arapahoe Co.* v. *Railway Co.*, 4 Dill. 277, Justice MILLER ruled that—

"It would be a very dangerous doctrine,—one utterly destructive of the rights which a man has to go into the federal courts on account of his citizenship,—if the plaintiff in the case, in instituting his suit, can, without any right or reason or just cause, join persons who have not the requisite citizenship, and thereby destroy the rights of parties in federal courts. We must therefore be astute not to permit devices to become successful which are used for the very purpose of destroying that right."

The ruling of Justice MILLER in this case was cited approvingly by the supreme court in *Walden* v. *Skinner*, 101 U. S. 577. The reasoning which sustains the doctrine, which is now too firmly established to be called in question, that in determining the jurisdiction of the circuit court of the United States regard will be had only to the citizenship of the real parties in interest, disregarding wholly all nominal or immaterial parties upon the record, seems to me to be equally applicable to cases wherein it is made to appear that a party, having in fact no interest in or actual connection with the subject of litigation, has been joined as a party with those actually interested, for the sole purpose of defeating the jurisdiction of the federal court. A fraud of this nature, if successful, deprives the citizen of a right conferred upon him by the constitution and laws of the United States, and it certainly must be true that it cannot be perpetrated without a remedy existing for its correction. Unless this be so, then it is possible to defeat in every instance the right of removal, when the same depends upon the citizenship of the adversary parties, by the easy device of joining as a party one who has no interest in the case, but who is a citizen of the same state as the plaintiff. In *Plymouth Min. Co.* v. *Amador Canal Co.*, 118 U. S. 264, 6 Sup. Ct. Rep. 1034, it was said:

"Under these circumstances, the averments in the petition that the defendants were wrongfully made to avoid a removal can be of no avail to the circuit court upon a motion to remand, until they are proven; and that, so far as the present record discloses, was not attempted. The affirmative of the issue was on petitioning defendant. That corporation was the moving party, and was bound to make out its case."

In *Railroad Co.* v. *Wangelin*, 132 U. S. 599, 10 Sup. Ct. Rep. 203, is found the following:

"As to the suggestion, made in argument, that the Southeast and St. Louis Ry. Company was fraudulently joined as a defendant in the state court for the purpose of depriving the Louisville and Nashville R. R. Company of the right to remove the case into the circuit court of the United States, it is enough to say that no fraud was alleged in the petition for removal, or pleaded or offered to be proved in the circuit court."

Although not, perhaps, express adjudications upon the question, these intimations of the views of the supreme court support the doctrine that it is open to a party who desires to remove a case brought against him to show upon proper allegations and proof that a co-defendant has been

wrongfully joined with him for the fraudulent purpose of defeating the actual right of removal to the federal court, and this is the conclusion reached in the present case. To properly present the question, the allegations of fact relied upon as showing the fraudulent joinder of the party should be made in the petition for removal, unless they otherwise appear upon the face of the record. If the facts alleged, if true, make out the charge of fraudulent misjoinder of parties for the purpose named, and the other party desires to take issue upon the truth thereof, then the trial thereof must be had in the federal court, for, as is said by the supreme court in *Railroad Co.* v. *Daughtry*, 138 U. S. 298, 11 Sup. Ct. Rep. 306, "it is thoroughly settled that issues of fact raised upon petitions for removal must be tried in the circuit court of the United States." See, also, *Carson* v. *Hyatt*, 118 U. S. 279, 6 Sup. Ct. Rep. 1050; *Railroad Co.* v. *Dunn*, 122 U. S. 513, 7 Sup. Ct. Rep. 1262; *Crehore* v. *Railroad Co.*, 131 U. S. 240, 9 Sup. Ct. Rep. 692. As already stated, in the petition for removal filed in this cause, the same being under oath, the allegation is expressly made that the defendant Green never was the agent of the Bradstreet Company, did not send the telegrams referred to in plaintiff's petition, had no connection therewith, and that he is joined as a co-defendant without reason therefor, and for the express purpose of defeating the jurisdiction of this court, and in support of the petition the affidavits of the agent of the defendant company and of H. L. Green are filed. The motion to remand does not raise an issue upon the facts thus alleged and sustained, but presents the legal questions already discussed, and upon these the ruling must be adverse to the motion to remand. We are as yet without precedents to guide us in determining the proper practice to be followed in cases of this character. No objection is now seen to the course pursued in the present case. By setting forth fully in the petition for removal filed in the state court the facts relied on as the basis for the charge that the joinder of a sham defendant has been made for the fraudulent purpose of defeating thereby the right of removal to the federal court, the state court is enabled to determine whether, upon the face of the record, the case is a removable one, assuming the facts alleged to be true; and by filing affidavits in support of the facts averred in the petition for removal formal evidence is submitted for the consideration of the federal court, and, if the facts set forth in the affidavits are deemed sufficient, no further evidence need be submitted unless issue is taken in some form upon the allegations of fact, when such issue will stand for trial in the federal court upon the evidence to be introduced by both parties thereon. Treating the present motion to remand as being intended to present only the legal questions arising upon the face of the record, and as not presenting an issue of fact upon the allegations of the petition for removal, the same is overruled.