## LANDERS v. FELTON et al.

(Circuit Court, D. Kentucky. April 18, 1896.)

1. MASTER AND SERVANT—NEGLIGENCE OF SERVANT—JOINT LIABILITY.

Mere negligence of a servant does not create a joint liability of such servant and his master for damage resulting from the negligence. Warax v. Railway Co., 72 Fed. 637, followed.

2. REMOVAL OF CAUSES—JOINDER OF DEFENDANT TO PREVENT REMOVAL—BAD FAITH.

When a complaint states a cause of action against two defendants, one of whom is a citizen of the same state as the plaintiff, an averment, in a petition for removal of the cause to a federal court, that the allegations involving such defendant are made in bad faith, to prevent removal, must be sustained by circumstantial and detailed proof, in order to justify removal; and the mere verification of the petition for removal, containing such averment, is not sufficient.

3. SAME—SUIT AGAINST RECEIVER OF UNITED STATES COURT AND OTHERS JOINTLY.

An action brought, without leave of court, against a receiver appointed by a federal court, and other parties, who are citizens of the same state as the plaintiff, to establish a joint liability of all the defendants, is a suit arising under the laws and constitution of the United States, and, if originally brought in a state court, may be removed to a federal court.

Bell & Bell, W. C. Bell, and Gaither & Vanarsdall, for plaintiff.
Edward Colston, for defendants.

TAFT, Circuit Judge. This is a motion to remand. Plaintiff brings his action against S. M. Felton, receiver of the Cincinnati, New Orleans & Texas Pacific Railway Company, appointed by the circuit court of the United States for the district of Kentucky. The Cincinnati, New Orleans & Texas Pacific Railway Company is a corporation organized under the laws of Ohio, and a citizen thereof; the Southern Railway in Kentucky is a corporation organized under the laws of Kentucky; and Jerry Pannell is a citizen of Kentucky. The petition of the plaintiff, after alleging the citizenship of the corporate defendants, and the fact that the defendant Felton was appointed receiver of the Cincinnati, New Orleans & Texas Pacific Railway Company by the circuit court of the United States for the district of Kentucky, alleges that the tracks of the two companies are operated jointly by the receiver and by the Southern Railway in Kentucky, at Burgin; that Jerry Pannell was the employé, under the joint control of both the receiver and the Southern Railway, in charge of the yard engine; and "that said defendant Pannell, then in charge of said yard engine at said time and place, as such employé of the other defendants, by gross neglect and carelessness, did run said engine, jointly owned and operated by said receiver and the Southern Railway Company in Kentucky, over and against plaintiff's intestate, and did then and there so injure the plaintiff's intestate that he died." Two petitions for removal were filed. One was filed by S. M. Felton, receiver of the Cincinnati, New Orleans & Texas Pacific Railway Company, and the Cincinnati, New Orleans & Texas Pacific Railway Company. This petition averred that Felton and the Cincinnati, New Orleans & Texas Pacific Railway Company were citizens of states other than Kentucky, that the plaintiff was a citizen of Kentucky, and that the controversy was between citizens of different states. The petition continued:

"And your petitioners aver that the persons named as co-defendants in this case, to wit, the Southern Railway Company in Kentucky and Jerry Pannell, are not proper parties defendant to this case, and are improperly and fraudulently joined as defendants herein for the sole purpose of preventing the removal of this cause to the circuit court of the United States; it being alleged that the said Jerry Pannell and the Southern Railway Company in Kentucky are jointly liable with your petitioners for the acts and omissions in the petition complained of; the facts being that the said Jerry Pannell was, at the time of the said acts and omissions, acting in the employ of the said S. M. Felton, receiver, and not in the employ of any other of the defendants, and the said acts and omissions were done by him solely in carrying on the business of the said S. M. Felton, receiver, and as his servant, and not in carrying on the business of the Southern Railway Company in Kentucky, and that the Southern Railway Company in Kentucky is not liable for said acts or omissions of the said Pannell, or otherwise, to the plaintiff. All of which facts are, and at the time of the bringing of this suit were, well known to the plaintiff."

The second petition for removal was filed by S. M. Felton, as receiver, on the ground that the suit arose under the constitution and laws of the United States, and was brought against Felton under that clause of the jurisdiction acts of 1887 and 1888 which permits receivers appointed in the federal court to be sued without first obtaining leave of the court to sue. These petitions for removal were

demurred to in the state court. The state court sustained the demurrers, and overruled the motion of the defendant to remove the cause. A transcript has nevertheless been filed in the court below, and the motion is now made to remand.

It is very clear that under the decision of this court in the case of Warax v. Railway Co., 72 Fed. 637, on the face of the plaintiff's petition, Pannell is improperly joined as a party defendant with the receiver and the Southern Railway Company, because the petition seeks to hold the defendants for the negligence of their servant without showing in any way any other ground for their liability, except the negligence of the servant. On such averments a joint liability is not shown. Nor is the Cincinnati, New Orleans & Texas Pacific Railway Company properly joined as defendant in the suit, because no cause of action is stated against it. It is not liable for the torts of the receiver. Railroad Co. v. Hoechner, 11 C. C. A. 469, 67 Fed. 456. The averments of the petition do, however, justify the joinder of the Southern Railway Company with the receiver. The petition for removal seeks to question the bona fide character of these averments. The petition is verified by the receiver, but no evidence is offered to show that these averments were fraudulently made, unless the affidavit of the receiver to the petition can be regarded as such proof. I do not think that it can be. If such an averment is to be proven, it should be by circumstantial and detailed evidence, so that the court may judge whether the charge of bad faith in the averments, for the purpose of evading the jurisdiction of the court, is sustained. The burden in such a case, and on such an issue, is, of course, upon the removing party.

This brings us, therefore, to the second petition for removal. It was filed by Felton, receiver, alone, and the right to remove is based therein on the ground that the action brought arises under the laws and constitution of the United States. The petition of the plaintiff avers that Felton is a receiver appointed by the circuit court of the United States, and the judgment is asked against him as such receiver. There can be no doubt, under the decisions of the supreme court, that an action against the receiver, as sole defendant, arises under the laws and constitution of the United States, and that he would have the right to remove such a case from the state to the federal court. This is established by the case of Railroad Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905. The purport of the decision is succinctly stated by Mr. Justice Gray, in delivering the opinion of the court in the case of Tennessee v. Union & Planters' Bank, 152 U. S. 454, 463, 14 Sup. Ct. 654, where he said:

"The difference between the act of March 3, 1875, and the later acts, is illustrated by the recent case of Railway Co. v. Cox, in which receivers, appointed by a circuit court of the United States, of a railroad corporation deriving its corporate powers from acts of congress, were sued in the same court, without previous leave of the court, after the act of 1887 took effect. This court, speaking by the chief justice, after observing that the corporation would have been entitled, under the act of 1875, to remove a suit brought against it in a state court, maintained the jurisdiction of the circuit court of the United States of the action against the receivers, under the act of 1887, upon the ground that the right to sue (without the leave of the court which appointed them) receivers appointed by a court of the United States was con-

ferred by section 3 of that act, and therefore the suit was one arising under the constitution and laws of the United States. 145 U. S. 593, 601, 603, 12 Sup. Ct. 905."

The question here arises whether an action brought against the receiver of a United States court, and others, who are citizens of the same state as that of the plaintiff, to establish a joint liability of all the defendants, is a suit arising under the laws and constitution of the United States. I do not see how it can be otherwise. No separate liability could be asserted against the receiver, as receiver, except under the laws of the United States. If no separate liability could be asserted against him, except by virtue of those laws, certainly no joint liability with another can be asserted against him, except by virtue of the same laws. Therefore the joint liability of the defendants with the receiver arises under the laws and constitution of the United States. If the plaintiff wished to sue the other defendants without joining the receiver, he had his election to do so, because the liability of joint tort feasors is also several. He might, therefore, have maintained his action against the resident defendants in a state court, without any possibility of removal to a federal court. He elected, however, to join the resident defendants with a person against whom he could establish no liability, in the capacity in which he sues him, except by virtue of the laws of the United States. Therefore the joint cause of action which he asserts against all the defendants must find its sanction in the federal statutes. Hence the cause of action is removable. The state court was in error in denying the petition of the receiver, and the motion to remand is overruled.