# CASES

## ARGUED AND DETERMINED

### IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

DURKEE v. ILLINOIS CENT. R. CO. et al.

(Circuit Court, N. D. Iowa, W. D. June 3, 1897.)

REMOVAL OF CAUSES—CITIZENSHIP—JOINDER OF A DEFENDANT TO PREVENT REMOVAL.

When a petition for the removal of a cause from a state to a federal court alleges facts to show that a defendant, who is a citizen of the same state as the plaintiff, has been joined merely for the purpose of defeating the jurisdiction of the federal court, it is open to the plaintiff to join issue upon the facts so alleged; and thereupon the court will hear the evidence, and decide accordingly, but, unless issue is joined, the facts alleged in the petition, if supported by affidavit, will be taken as true, and the cause will be removed.

Submitted on Motion to Remand to the State Court.

J. D. F. Smith, for plaintiff.

Duncombe & Kenyon and Marsh & Henderson, for defendants.

SHIRAS, District Judge. The plaintiff in this case is the administratrix of the estate of Charles H. Durkee, deceased, and in that capacity she brought this action in the district court of Cherokee county, Iowa, against the defendant railway companies, to recover damages for the death of said Durkee, it being alleged that while in the employ of the defendants as a brakeman, and while engaged in coupling cars upon a train operated by the defendants, he was caught and crushed between the cars, it being further averred that the accident was due to the negligence of the defendants. The Illinois Central Railroad Company, before any trial was had of the case in the state court, filed a petition for removal thereof into this court, upon the ground of local prejudice and influence, and averring, further, that the plaintiff, when the suit was brought, and ever since, has been a citizen of Iowa; that the Cherokee & Dakota Railroad Company, though a corporation created under the laws of the state of Iowa, did not own the railroad when the accident happened, was not operating the same, was not in any manner connected therewith, and had ceased to exist or do business as a corporation; and that it was named as a party defendant for the sole purpose of preventing a removal of the case into the federal

court; and that the Illinois Central Company is a corporation created under the laws of the state of Illinois. Upon this petition and the affidavit filed in support thereof, this court granted an order for the removal of the case; and, the transcript having been duly filed in this court, the plaintiff now moves for an order remanding the case on several grounds, the first being that the petition for removal was not filed in time, because an answer had been filed in the state court, thus presenting an issue on the record. When the removal is sought on the ground of local prejudice, the application is in time, if made before a trial of the case in any form upon the merits, and the filing an answer is not a trial, within the meaning of the statute. Fisk v. Henarie, 142 U. S. 459, 12 Sup. Ct. 207.

The ground mainly relied on in support of the motion to remand is that the petition of plaintiff declares against both defendants jointly, and that the defendants cannot make the action several, and therefore, upon the face of the record, it is a joint action against two defendants, one of whom is a corporation created under the laws of Iowa, of which state the plaintiff is a citizen. There can be no question that if the Cherokee & Dakota Railroad Company is an actual defendant, made so in good faith by the plaintiff, then this court is without jurisdiction over the case; but the petition for removal charges that the named company is not an existing corporation, has no interest or liability in the case, and was named as a co-defendant for the sole purpose of endeavoring to prevent a removal of the case into the federal court. If these averments of fact be true, the jurisdiction of this court cannot be thus defeated. This general question I had occasion to consider in the case of Dow v. Bradstreet Co., 46 Fed. 824, and I therein held that it was open to a defendant to show, by proper allegations in a petition for removal, that a co-defendant had been joined in the action solely for the purpose of endeavoring to defeat the right of removal into the federal court, and that the questions of fact thus presented must be tried in the federal court; and, further, that if it was made to appear that a person or corporation having no real interest in the controversy was named as a co-defendant in the action, merely for the purpose of defeating the right of removal otherwise existing, such defendant would be deemed to be merely a nominal party, whose presence on the record would not defeat the jurisdiction of this court. Under the views expressed in that case, which I now see no reason to change, it is open to the plaintiff to join issue upon the facts alleged in the petition for removal, which are relied on as showing that the Cherokee & Dakota Company must be held to be merely a nominal party, and, if issue is joined, the court will hear the evidence thereon; but, unless issue is thus made on this question, the allegations of the petition, being supported by affidavit, will be taken to be true, and in that event it must be held that the case was properly removed into this court. The motion to remand will therefore be overruled, with leave to plaintiff to take issue upon the facts averred in the petition for removal, the same to be taken within 30 days.