WELCH v. CINCINNATI, N. O. & T. P. RY. CO. et al.

(Circuit Court, E. D. Tennessee, N. D. December 3, 1908.)

1. REMOVAL OF CAUSES (§ 61*)—NATURE OF CAUSE—DETERMINATION—PLEA.

Where a removal petition is filed before the declaration is filed or due under the state practice, whether the suit involves a separable controversy is to be determined from plaintiff's sworn plea to the petition for removal.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 115; Dec. Dig. § 61.*]

2. REMOVAL OF CAUSES (§ 49*)—DIVERSE CITIZENSHIP—MASTER AND SERVANT JOINT LIABILITY—SEPARABLE CONTROVERSY.

Where plaintiff, a member of a bridge crew in the employ of defendant railroad company, was injured in a collision between a camp car occupied by the crew and a portion of a freight train, alleged to have been caused by the negligence of defendant's conductor and engineer of the same citizenship as plaintiff, and the defendant railroad company, whose citizenship was diverse, while switching the camp car, a cause of action stated by which plaintiff sought to enforce a joint liability against the defendant railway company and the conductor and engineer on the principle of respondeat superior did not show a severable controversy, for the purpose of removing the cause to the federal court from a state court in Tennessee, though there was no allegation of any concurrent act of negligence of the railroad company.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 97; Dec. Dig. § 49.*

Separable controversy affecting right to remove cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

3. REMOVAL OF CAUSES (§ 36*)—CITIZENSHIP—JOINDER OF RESIDENT DEFENDANTS—FRAUD.

Where plaintiff in an action against a railroad company for injuries joined defendant railroad company's conductor and engineer whose negligence was charged to have caused the injury, evidence that they were joined without inquiry as to their insolvency did not show that they were fraudulently joined to prevent a removal of the cause by the railroad company to the federal court; there being no proof that the facts alleged with reference to their negligence were not well founded or alleged in good faith.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. § 36.*

Fraudulent joinder of parties to prevent removal of cause to federal court, see note to Offner v. Chicago & E. R. Co., 78 C. C. A. 362.]

**4.** REMOVAL OF CAUSES (§ 36\*)—CITIZENSHIP—PARTIES—FRAUDULENT JOINDER —BURDEN OF PROOF.

Where fraudulent joinder of defendants to prevent removal of a cause is alleged, the burden of proof thereof is on the removing party.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 36.\*]

At Law. Action by John Welch, as administrator, etc., against the Cincinnati, New Orleans & Texas Pacific Railway Company and others. On motion to remand. Granted.

SANFORD, District Judge. I am of the opinion that the plaintiff's motion to remand this case to the state court should be granted.

1. There is no ground of removal on the ground of a separable controversy as to the defendant railway company. As the declaration had not been filed at the time the case was removed by the defendant railway company—the petition for removal having been filed before the declaration was due under the state practice—the cause of action is to be taken, so far as the question of a separable controversy is concerned, as that which is set forth under oath in the plaintiff's plea to the petition for removal, by analogy to the well-settled rule by which, when the case is removed after the declaration is filed, the cause of action is for such purpose taken to be that stated in the declaration. This will work no injustice to the defendant, since presumptively, if the case is remanded to the state court, the plaintiff will state in his declaration the same cause of action as that set forth in his plea; and, if a different cause of action should be stated in the declaration, disclosing a separable controversy on its face, the defendant railway company would then be entitled to renew its application for removal on such ground. It appears from the cause of action thus stated that the plaintiff is seeking to enforce a joint liability against the defendant railway company and the conductor and engineer of one of its freight trains on account of the death of plaintiff's intestate, resulting from a collision between a camp car occupied by a bridge crew of which the plaintiff's intestate was a member and a portion of a freight train, which collision is alleged to have been caused by the negligence of the said conductor and engineer and other servants of the defendant railway company engaged in switching said camp car. I am of the opinion that for the purposes of this motion the cause of action thus stated is to be held joint, and not severable, even though it appears from the facts alleged that the defendant railway company can only be held liable by reason of the negligence of the conductor and engineer upon the principle of respondeat superior, and although there is no allegation of any concurrent act of negligence on the part of the defendant railway company.

It is true that in the earlier cases in this circuit and elsewhere it was held that in an action in a state court seeking to hold a master jointly liable with his servant for the negligence of the servant causing an injury, where it did not appear either that the master was present in person, directing the servant, or that the work in which the servant was engaged was of a character that made the result complained of possible and probable, the liability of the master and servant was not joint, and that in such case there was a misjoinder of defendants, and

the master, if a citizen of another state, might remove the suit to the federal court in spite of the joinder of the servant as a local defendant. Warax v. Cincinnati Ry. Co. (C. C.) 72 Fed. 637, 641; Hukill v. Railway Co. (C. C.) 72 Fed. 745; Landers v. Felton (C. C.) 73 Fed. 311.

However, the precise question involved in the present case was decided adversely to the right of removal in the recent case of Alabama Ry. Co. v. Thompson, 200 U. S. 206, 212, 220, 26 Sup. Ct. 161, 162, 166, 50 L. Ed. 441. There an action of tort brought in a state court in Tennessee against an Alabama railway corporation and the conductor and engineer of one of its trains having been removed by the railway company to the federal court on the ground of a separable controversy, and the Circuit Court of Appeals for this circuit, entertaining great doubt upon the question, having certified the questions arising on this point to the Supreme Court for its decision, it was explicitly held in an elaborate opinion, in which the Warax and other cases are reviewed, first, that a railroad corporation may "be jointly sued with two of its servants, one the conductor and the other the engineer of one of its trains, when it is sought to make the corporation liable only by reason of the negligent acts of said conductor and engineer in the operation of its train under their management and control, and solely upon the ground of the responsibility of a principal for the acts of his servant, although not personally present or directing and not charged with any concurrent act of negligence;" and, second, "that for the purpose of determining the right of removal the cause of action must be deemed to be joint," and such suit is not removable by the railway corporation upon the ground of a separable controversy. The court said:

"Does this become a separable controversy within the meaning of the act of Congress because the plaintiff has misconceived his cause of action and had no right to prosecute the defendants jointly? We think in the light of the adjudication above cited from this court it does not. Upon the face of the complaint, the only pleading filed in the case, the action is joint. It may be that the state court will hold it not to be so. It may be, which we are not called upon to decide now, that this court would so determine if the matter shall be presented in a case of which it has jurisdiction. But this does not change the character of the action which the plaintiff has seen fit to bring, nor change an alleged joint cause of action into a separable controversy for the purpose of removal. The case cannot be removed unless it is one which presents a separable controversy wholly between citizens of different states. In determining this question the law looks to the case made in the pleadings, and determines whether the state court shall be required to surrender its jurisdiction to the federal court. * * * Congress has not said, whatever it might do, that controversies between citizens of different states shall be removable wherein it is sought, contrary to the law as administered in the federal courts, to hold the citizen of another state to joint liability in tort with a citizen of the state where the action is brought. The fact that the state court may take a different view from the courts of the United States of the common law as to the character of such actions, and the right to prosecute them in form joint as well as several, affords no ground of removal."

In view of this decision, it is clear that for the purpose of determining the right of removal in the present case the cause of action set forth in the plea must be held to be joint, and that the case is not removable to this court on the ground of a separable controversy.

It is urged, however, in behalf of the railway company, that since this decision in the Thompson Case the Supreme Court of Tennessee

in the case of Railroad v. Vincent, 116 Tenn. 317, 95 S. W. 179, has decided by implication that in suits of this character, where the liability of the master is rested solely upon the doctrine of respondeat superior, the cause of action is not joint, but several. I think it true that, if the Supreme Court of Tennessee should at any time decide that a cause of action of this character is not joint, but several only, a suit in the state court to enforce such several liabilities in a joint action would under such state decision be then held properly removable to the federal court on the ground of a separable controversy—the reasoning in the Thompson Case only going to a cause of action prosecuted in a state court as a joint action in good faith in the absence of a state decision to the contrary. See, also, Wecker v. Enameling Co., 204 U. S. 176, 183, 27 Sup. Ct. 184, 51 L. Ed. 430. However I do not understand the Vincent Case to have so held. The precise point in that case was merely that there was no right of removal on the ground of a separable controversy where the declaration alleged concurrent acts of negligence on the part of the railway company independent of those alleged on the part of the employés, and the question presented in the present case was not in fact involved. Furthermore, the opinion contains quotations from Sutherland on Damages and from the case of Schumpert v. Southern Ry. Co., 65 S. C. 332, 43 S. E. 813 (pages 331, 332, 116 Tenn., page 179, 95 S. W.), which would seem to support in some measure the theory of a joint action, even where it is sought to hold the master liable solely on the principle of respondeat superior. And in the concluding portion of the opinion, written after the appearance of the opinion in the Thompson Case, the Supreme Court of Tennessee refers to the Thompson Case as "fully sustaining" its own conclusions (page 338, 116 Tenn., page 184, 95 S. W.) Therefore, while it is true that, in referring to the Thompson Case as holding that a case in which the plaintiff in good faith has elected to sue jointly a foreign corporation and its servants, whose misconduct caused the injury complained of does not present a separable controversy, the Supreme Court of Tennessee used, parenthetically, the hypothetical phrase, "even if such joinder may be improper," I cannot regard the opinion in the Vincent Case as in any wise deciding this point; this being, as I view it, an open question yet to be determined by the Supreme Court of Tennessee when properly presented.

2. I am furthermore of the opinion that under the pleadings and proof the case is not removable upon the ground that the conductor and engineer were fraudulently joined as codefendants with the railway company for the purpose of defeating a removal to this court. It is well settled, of course, that, if such fraudulent joinder of a local defendant be established to the satisfaction of the court, the case will be held removable, even though the cause of action alleged be joint upon its face. Louisville & N. R. Co. v. Wangelin, 132 U. S. 599, 10 Sup. Ct. 203, 33 L. Ed. 474; Chesapeake & O. Ry. Co. v. Dixon, 179 U. S. 131, 138, 21 Sup. Ct. 67, 45 L. Ed. 121; Alabama Great Southern Ry. v. Thompson, 200 U. S. 206, 208, 26 Sup. Ct. 161, 50 L. Ed. 441; Wecker v. National Enameling & Stamping Co., 204 U. S. 176, 27 Sup. Ct. 184, 51 L. Ed. 430; Dow v. Bradstreet Co. (C. C.) 46 Fed.

824; Warax v. Cincinnati, N. O. & T. P. Ry. Co. (C. C.) 72 Fed. 637, 641; Hukill v. Maysville & B. S. R. Co. (C. C.) 72 Fed. 745, 754; Landers v. Felton (C. C.) 73 Fed. 311; Durkee v. Illinois Cent. R. Co. (C. C.) 81 Fed. 1. The character of allegation to be made and proof required to establish such fraudulent joinder was clearly stated by Judge Taft in Warax v. Railway Co. (C. C.) 72 Fed. 637, 640, as follows:

"In order that such joinder should be regarded as fraudulent, it must appear by allegation and proof, not only that it was made for the purpose of avoiding the jurisdiction of the federal court, but also that the averments of the petition upon which the right to join the defendants is claimed are so unfounded and incapable of proof as to justify the inference that they were not made in good faith with the hope and intention of proving them. * * * One who has a real cause of action for joint tort against two persons cannot be deprived of the right to bring his action against both, and to retain both in the case, and to have the case heard with both as defendants, merely because he joined them for the purpose of avoiding the jurisdiction of the federal court. If the right exists, the motive for its exercise cannot defeat it."

And in Hukill v. Railway Co. (C. C.) 72 Fed. 745, 750, Judge Taft again said on this point that:

"It must be shown by proof that the averments of fact in the petition upon which the joint liability of the codefendants * * * is asserted are so palpably untrue and unfounded as to make it improbable that the plaintiff could have inserted them in his petition in a bona fide belief that he could make proof of them on the trial. If a plaintiff has a good cause of action for a joint tort against several defendants, it is not fraudulent in him to join them all in his suit, even if it does appear that he would not have joined the resident defendants with the nonresident defendants except for the purpose of avoiding the jurisdiction of the federal court. Where he has reasonable ground for a bona fide belief in the facts upon which the liability of all the defendants depends, his motive in joining them cannot be questioned. It is only where he has not, in fact, a cause of action against the defendants, and has no reasonable ground for supposing that he has, and yet joins them in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent, entitling the real defendant to a removal."

To the same effect are Desty's Federal Practice (9th Ed.) § 97, p. 478, and Railroad v. Vincent, 116 Tenn. 317, 326, 332, 95 S. W. 179, et seq. And in Landers v. Felton (C. C.) 73 Fed. 311, Judge Taft said:

"If such an averment is to be proven, it should be by circumstantial and detailed evidence, so that the court may judge whether the charge of bad faith in the averments for the purpose of evading the jurisdiction of the court is sustained."

See, also, Offner v. Chicago & E. R. Co. (Seventh Circuit) 148 Fed. 201, 78 C. C. A. 359; 2 Foster's Fed. Pract. (3d Ed.) 1543.

And the mere insolvency of the codefendant does not, it seems, of itself establish the fraudulent joinder. Railroad v. Vincent, 116 Tenn. 317, 334, 335, 95 S. W. 179.

And upon the issue as to fraudulent joinder the burden of proof is upon the removing party. Plymouth Consol. Min. Co. v. Amador, 118 U. S. 270, 6 Sup. Ct. 1034, 30 L. Ed. 232; Landers v. Felton (C. C.) 73 Fed. 311, 313.

In the present case the plaintiff's plea to the petition for removal was treated in effect as a joinder of issue upon the averments of fraudulent joinder contained in the petition for removal (Dow v. Brad-

street Co. [C. C.] 46 Fed. 824, 828; Durkee v. Ill. C. R. Co. [C. C.] 81 Fed. 1), and oral testimony was introduced before me on this issue by the railway company. While it was not shown by this proof that either the engineer or the conductor was in fact insolvent, it did appear that they were joined as defendants without inquiry as to their solvency, the effect of the entire proof being that they were joined as defendants in the bona fide belief upon the part of the plaintiff that under the laws of Tennessee there existed a right of joint action against them and the railway company which he was entitled to prosecute, although a motive for joining them as defendants, and probably the principal motive without which they would not have been joined, was that of preventing a removal of the case to the federal court. There was, however no proof whatever to show that the allegations of fact stated in the plea in reference to the negligence of these defendants were not well founded and made in entire good faith.

Under these circumstances, and in view of the foregoing authorities, I am clearly of the opinion that the joinder of these defendants, whatever may have been the motive, was not fraudulent, and that no right of removal arises therefrom.

3. It follows that the defendant's demurrer to the third ground stated in the plaintiff's plea to the petition for removal should be overruled, and the case should be remanded to the circuit court of Morgan county, whence it was removed.

An order will be entered accordingly.