BRADSHAW v. BOWDEN et al.

(District Court, W. D. Washington, N. D. December 29, 1914.)

No. 2905.

1. REMOVAL OF CAUSES ⊜48—GROUNDS—SEPARABLE CONTROVERSY.

The complaint in an action for malicious prosecution alleged that the defendants, the defendant corporation through its duly accredited officers, agents, and servants, and its codefendants, wrongfully, etc., and in furtherance of a confederation and scheme wrongfully and unlawfully entered into, arrested and imprisoned plaintiff, and kept him imprisoned

in furtherance of such scheme and confederation until a date specified. *Held* that, the complaint being the only pleading on file when the cause was removed, it was not removable on the ground that a separable controversy existed between plaintiff and one of the defendants, as plaintiff had elected to sue the defendants jointly, and on the face of the complaint there was no separable controversy.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 93, 94; Dec. Dig. ☞48.]

2. REMOVAL OF CAUSES ☞107—MOTION TO REMAND—EFFECT OF MOTION.

A motion to remand, in the absence of denials, is in the nature of a demurrer to the petition for removal, and confesses the truth of the allegations of the petition; and hence, if the petition states a cause for removal, the motion to remand must be denied.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 225–232, 234; Dec. Dig. ☞107.]

3. REMOVAL OF CAUSES ☞86—PETITION FOR REMOVAL—SUFFICIENCY TO REQUIRE REMOVAL.

A petition for removal, filed by one defendant, which charged that no grounds of action existed against his codefendants, and that they were fraudulently joined to deprive petitioner of his right to remove, showed a right of removal on its face, where the requisite jurisdictional facts were stated, and, such allegations being uncontroverted, the case was removable.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 132, 166–179; Dec. Dig. ☞86.]

4. REMOVAL OF CAUSES ☞91—MOTIONS TO REMAND—TRIAL OF ISSUE.

Where such allegations are controverted, the issue must be tried in the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 202; Dec. Dig. ☞91.]

5. REMOVAL OF CAUSES ☞12—JURISDICTION OF DISTRICT COURT—DISTRICT IN WHICH SUIT SHOULD BE BROUGHT.

Judicial Code (Act March 3, 1911, c. 231) § 28, 36 Stat. 1094 (Comp. St. 1913, § 1010), authorizes the removal to United States District Courts of suits of which such courts are given original jurisdiction. Section 51 (section 1033) provides that, except as otherwise provided, no civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, and that, where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either plaintiff or defendant. *Held*, that the provision that suit shall not be brought against a person in a district other than that whereof he is an inhabitant does not apply to aliens, and suits against them may be brought in any district in which valid service can be made, and a suit, having been brought in a state court, was removable to the United States District Court for that district.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 32, 33; Dec. Dig. ☞12.]

At Law. Action by R. G. Bradshaw against E. C. Bowden and others. On motion to remand. Motion denied.

H. E. Foster, of Seattle, Wash., for plaintiff.
George W. Korte, of Seattle, Wash., for defendants.

NETERER, District Judge. This is an action for damages for alleged malicious prosecution, commenced in the state court and re-

moved to this court upon the petition of the defendant E. C. Bowden, an alien citizen of England. Plaintiff—

"moves the court to remand this cause to the state court, for the reason that it affirmatively appears from the complaint and petition of the defendant that this court did not have original jurisdiction of this action, and that the state court is the proper tribunal where this cause of action should be tried and determined."

Defendant's verified petition alleges as grounds for removal: (a) That a separate controversy exists between himself, as an alien citizen of England, and plaintiff, a citizen of Illinois, which exceeds the sum or value of $3,000; and (b) that his codefendants, Chicago, Milwaukee & St. Paul Railway Company and J. Wernick, residents, respectively, of Wisconsin and Washington, have been joined as defendants, for the sole and fraudulent purpose of depriving petitioner of his right to have this action removed into the United States District Court. Defendant then denies and declares false each and every of the allegations in the complaint in any way connecting his codefendants with the alleged false imprisonment, or conspiracy to cause such imprisonment, and alleges affirmative matter to show that neither the defendant Wernick, nor any officer or agent of the defendant Milwaukee Railway Company, who had authority to bind the company, had anything to do with the arrest or prosecution of plaintiff, but that he was the sole prosecutor of the plaintiff, whom he believed had wrongfully taken from him certain moneys, and that, after presenting the facts of the case fully and fairly to the prosecuting attorney of King county, Wash., he was advised that there was probable cause for arresting and prosecuting plaintiff for larceny, and that it was upon the advice of said public prosecutor, and at his direction, that petitioner signed a complaint for the purpose of securing plaintiff's arrest.

The first question for decision here is whether there is a separable controversy, wholly between plaintiff, a citizen of Illinois, and this defendant. If there is such a separable controversy, and the action is one of which this court has original jurisdiction, the action is removable. Section 28, Judicial Code. If there is not a separable controversy, is the uncontroverted petition for removal sufficient to remove the case to this court?

[1] Plaintiff, in his complaint, after alleging jurisdictional facts, states (paragraph II):

"That on the 15th day of August, 1914, the defendants herein, the defendant corporation through its duly accredited officers, agents, and servants, and its codefendants, wrongfully and maliciously and without color of authority whatsoever, and in furtherance of a confederation and scheme wrongfully and unlawfully entered into, arrested the plaintiff and imprisoned the plaintiff in the common jail of the city of Seattle, and kept him imprisoned in said jail without color of authority, and in furtherance of said scheme and confederation as aforesaid, until August 19, 1914, when plaintiff was liberated in manner and form hereinafter set out"

—and further sets out that, upon a hearing in court upon such alleged unlawful and fraudulent charge, plaintiff was fully exonerated and discharged, and that he was compelled to go to large expense, and alleges injury to his good name and reputation in the sum of $25,000, which he seeks to recover from each of the defendants.

The plaintiff, in his complaint, has elected to sue the defendants jointly, and upon the face of the complaint, which was the only pleading on file at the time the removal was ordered, there is no separable controversy between the plaintiff and the petitioning defendant, and the cause is therefore not removable upon that ground. C., B. & Q. Ry. Co. v. Willard, 220 U. S. 413, 31 Sup. Ct. 460, 55 L. Ed. 521.

[2] The petition for removal denies that the Chicago, Milwaukee & St. Paul Railway Company and Wernick were in any way connected with the alleged malicious prosecution, and alleges affirmatively that the petitioning defendant was the sole prosecutor of the plaintiff, and that his codefendants were fraudulently joined for the sole purpose of defeating the removal of the cause to the federal court. Plaintiff has in no way controverted these affirmative allegations. The motion to remand, in the absence of denials, is in the nature of a demurrer to the petition for removal. Phillips v. Western Terra Cotta Co. (C. C.) 174 Fed. 874.

[3, 4] A petition for removal, filed by one of the defendants to an action commenced in the state court, which charges that no grounds of action exist against his codefendants, and that they were fraudulently joined to deprive petitioner of his right to remove, shows a right of removal upon its face, where the requisite jurisdictional facts are stated; and if the allegations of the petition are uncontroverted by the plaintiff the cause is removable, and if they are controverted the issue must be tried in the federal court.

A petition for removal in many respects performs the function of a pleading. A motion to remand operates as a demurrer, and the truth of the allegations of the petition are thereby confessed, and if the petition states a cause for removal the motion to remand must be denied. Donovan v. Wells Fargo Co., 169 Fed. 367, 94 C. C. A. 609, 22 L. R. A. (N. S.) 1250; Carlisle et al. v. Sunset Telephone & Telegraph Co. (C. C.) 116 Fed. 896. The averments of the petition for removal were not confined to denials of the allegations of the complaint, but were affirmative allegations of fact of a specific character, which, if true, clearly make out a charge of fraudulent misjoinder of parties for the purpose stated, and, no issue being taken upon the truth thereof, must, within the practice of the court, be accepted as true. Kelly v. Chicago & A. Ry. Co. (C. C.) 122 Fed. 286; Dishon v. Cincinnati, N. O. & T. P. Ry. Co., 133 Fed. 474, 66 C. C. A. 345; Dow v. Bradstreet Co. (C. C.) 46 Fed. 824; Ross v. Erie R. Co. (C. C.) 120 Fed. 704; Durkee v. Ill. Central R. Co. (C. C.) 81 Fed. 1. The conclusion stated and authorities quoted are sustained by the United States Supreme Court in Wecker v. National Enameling Co., 204 U. S. 176, 27 Sup. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757.

[5] It is further contended on the part of the plaintiff that, under the rule laid down in Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, this cause could not be removed to this court, because it could not have been brought here in the first instance. The court said:

"As it is the nonresident defendant alone who is authorized to remove, the Circuit Court for the proper district is evidently the Circuit Court of the district of the residence of the plaintiff. * * * 'As to natural persons, there-

fore, it cannot be doubted that the effect of this act, read in the light of earlier acts upon the same subject, and of the judicial construction thereof, is that the phrase "district of the residence of" a person is equivalent to "district whereof he is an inhabitant," and cannot be construed as giving jurisdiction, by reason of citizenship, to a Circuit Court held in a state of which neither party is a citizen, but, on the contrary, restricts the jurisdiction to the district in which one of the parties resides within the state of which he is a citizen, and that this act, therefore, having taken away the alternative, permitted in the earlier acts of suing a person in the district "in which he shall be found," requires any suit. the jurisdiction of which is founded only on its being between citizens of different states, to be brought in the state of which one is a citizen, and in the district therein of which he is an inhabitant and resident.' "

Section 51, Judicial Code, which is brought forward from section 739, Rev. Stat. U. S., as amended by Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433, provides:

"* * * Except as provided in the six succeeding sections, no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

The cases relied upon by the plaintiff are suits in which citizens of different states have attempted to bring or remove an action to the federal court of a district other than that of which either is a citizen, while in this case an alien citizen of England is a party defendant and has filed a petition for removal. The Supreme Court, in Re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211, and Barrow Steamship Co. v. Kane, 170 U. S. 100, 18 Sup. Ct. 526, 42 L. Ed. 964, held that the provisions of the statute prohibiting suits to be brought against any person "in any other district than that whereof he is an inhabitant" is inapplicable to an alien or foreign corporation. Justice Gray, in Re Hohorst, supra, said:

"Upon deliberate advisement, and for the reasons above stated, we are of opinion that the provision of the existing statute, which prohibits suit to be brought against any person 'in any other district than that whereof he is an inhabitant,' is inapplicable to an alien or a foreign corporation sued here, and especially in a suit for the infringement of a patent right, and that, consequently, such a person or corporation may be sued by a citizen of a state of the Union in any district in which valid service can be made upon the defendant."

And in Barrow Steamship Co. v. Kane, supra:

"By the existing act of Congress defining the general jurisdiction of the Circuit Courts of the United States, those courts 'shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature at common law or in equity, * * * 'in which there shall be a controversy between citizens of different states,' or 'a controversy between citizens of a state and foreign states, citizens or subjects'; and, as has been adjudged by this court, the subsequent provisions of the act, as to the district in which suits must be brought, have no application to a suit against an alien or a foreign corporation, but such a person or corporation may be sued by a citizen of a state of the Union in any district in which valid service can be made upon the defendant."

In Wind River Lumber Co. v. Frankfort M. A. & P. C. Ins. Co., 196 Fed. 342, 116 C. C. A. 160, Judge Gilbert, for the Circuit Court

of Appeals in this Circuit, in referring to the proviso, "No civil action shall be brought against any person in any other district than that of which he is an inhabitant," said:

"That proviso does not apply to actions against aliens or foreign corporations, and they may be sued in any district in which they may be found [citing the Barrow and Hohorst Cases, supra]. The defendant was an alien corporation, and could have been sued in the District Court of the United States for the District of Oregon. The case was therefore properly removed, and there was no error in denying the motion to remand."

The conclusion is inevitable, in the determination of the matter here presented, that the defendant was an alien and could have been sued in the United States District Court for the Western District of Washington. The case was therefore properly removed here, and the motion to remand should be denied. Further authority that the proviso does not apply to actions against aliens or foreign corporations may be found in Katalla v. Railway, 186 Fed. 30, 108 C. C. A. 132, Smellie v. Railway (D. C.) 197 Fed. 640, Roberts v. Railway, 121 Fed. 785, 58 C. C. A. 61, and Attleboro Co. v. Insurance Co. (D. C.) 202 Fed. 293.

The motion is denied.